ALEXANDER MOLOSH AND LILLIAN MOLOSH, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4519–65.   Filed December 30, 1965.

*Jerome Kamerman,* for the petitioners.
*Andrew S. Coxe,* for the respondent.

### OPINION

ARUNDELL, *Judge:* Respondent mailed a notice of deficiency to petitioners on April 23, 1965.   The 90-day period expired on Thursday, July 22, 1965, which was not a holiday in the District of Columbia. The petition was filed with the Court on July 23, 1965, the 91st day.

On September 23, 1965, the respondent filed a motion to dismiss for lack of jurisdiction.

On September 27, 1965, this Court "ORDERED: That this case be dismissed for lack of jurisdiction unless the petitioners on or before October 29, 1965 file written objection to respondent's motion * * *."

On October 5, 1965, petitioners filed an objection to respondent's motion to dismiss and attached thereto an affidavit of Brenda Spanierman, an employee of counsel for petitioners, stating—

That on the 22nd day of July, 1965, deponent filed the petition herein with the Tax Court of the United States, Washington, D.C., by depositing same, enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States post office in the City and State of New York.

On October 7, 1965, this Court ordered respondent's motion to dismiss calendared for hearing on October 27, 1965, and the hearing was held on that date.   As a result of this hearing, an "Order of Dismissal for Lack of Jurisdiction" was entered on November 2, 1965.

On November 5, 1965, petitioners, by their counsel, filed a motion "for leave to withdraw the original envelope in which the petition herein was mailed to the Tax Court, for the purpose of an examination

of said envelope by the Post Office Department to ascertain, if possible, the postmark on such envelope." By order dated November 9, 1965, this motion was granted.

On November 17, 1965, petitioners filed a motion for reconsideration and attached thereto a letter from the postmaster of the U.S. Post Office in New York, N.Y., stating that—

We have examined the manila envelope addressed to the Tax Court of the United States, Washington, D.C. 20044 on which your name appears as the mailer and which bears the number 4519-65.

The postmark on said envelope is illegible but indicates that it was mailed from the General Post Office Station, New York, N.Y. 10001 and on the bottom of the fifteen cent stamp there appears a PM notation evidencing the fact that it was mailed sometime after 12:00 Noon on the date of mailing.

As it is claimed this article was delivered on July 23, 1965 it is apparent that it was mailed and postmarked on some date prior to the date of receipt.

First Class mail which is postmarked July 23 "PM" at the General Post Office Station, New York, N.Y., cannot under any circumstances be delivered in Washington, D.C., on the same day of mailing.

Petitioner's motion for reconsideration was calendared for hearing on December 8, 1965, and the hearing was held on that date.

The applicable provisions of sections 6213 and 7502 of the 1954 Code are in the margin.[1]

Subsection (a) of section 301.7502–1 of the regulations provides that if the requirements of section 7502 are met, "a document shall be deemed to be filed on the date of the postmark stamped on the cover in which such document was mailed." Subsection (c) provides:

(c) *Mailing requirements.* (1) Section 7502 is not applicable unless the document is mailed in accordance with the following requirements:

\* \* \* \* \* \* \*

(iii) (*a*) \* \* \* If the postmark does not bear a date on or before the last date, or the last day of the period, prescribed for filing the document, the document will be considered not to be filed timely, regardless of when the document is deposited in the mail. \* \* \* *If the postmark on the envelope or wrapper is not legible, the person who is required to file the document has the burden of proving the time when the postmark was made.* \* \* \* [Emphasis supplied.]

---

[1] SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT.

(a) TIME FOR FILING PETITION AND RESTRICTION ON ASSESSMENT.—Within 90 days \* \* \* after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. \* \* \*

SEC. 7502. TIMELY MAILING TREATED AS TIMELY FILING.

(a) GENERAL RULE.—If any claim, statement, or other document \* \* \* required to be filed within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such claim, statement, or other document is required to be filed, the date of the United States postmark stamped on the cover in which such claim, statement, or other document is mailed shall be deemed to be the date of delivery. \* \* \*

In *Skolski* v. *Commissioner*, 351 F. 2d 485 (Oct. 22, 1965), the U.S. Court of Appeals, Third Circuit, reversed and remanded an order of this Court dismissing for lack of jurisdiction a petition received by this Court 2 days after the period of 90 days had expired. In that case the postmark on the cover in which the petition was mailed was illegible and for that reason we held that the taxpayers were not entitled to the benefit of section 7502(a). The Third Circuit, in holding this to be error, quoted the above provisions of the regulations, and said in part:

we are satisfied that they [the taxpayers] were entitled, and should have been permitted, to prove, if they could, what the illegible date on the postmark actually was, i.e., the date of the postmark. * * * Here the postmark admittedly had a date although that date was in part illegible and therefore could not be read from the face of the postmark. Under these circumstances we are satisfied that it was competent for the taxpayers to establish what the date of the postmark actually was by evidence other than that appearing on the face of the postmark itself. To hold otherwise would be to narrow the scope of section 7502(a) to a fortuitous application wholly dependent upon the care with which postal employees affixed postmarks and thus unwarrantedly to defeat in part its remedial purposes. We are fortified in this conclusion by the Treasury Regulations * * *. Evidence as to the actual time of mailing, such as the taxpayers here offered, was clearly relevant to this inquiry and should have been considered by the Tax Court. * * * Here the postmark actually has a date which under section 7502(a) is, if it can be determined, to be deemed the date of delivery of the taxpayers' petition to the Tax Court. Since, however, the date cannot be read from the face of the postmark because of its partial illegibility, it may only be determined by evidence aliunde. * * *

In the instant case we think the petitioners have met the burden stated in the regulations. We think the only conclusion that can be reached from the postmaster's letter is that the date on the postmark was a date within the 90-day period. We hold that the petition was timely filed. This holding is not out of harmony with *Luther A. Madison*, 28 T.C. 1301. In that case the petition was received 14 days after the 90-day period had expired, and no postmark date was ever stamped upon the "cover" in which the petition was mailed to the Tax Court. The petitioners in that case simply relied upon a sworn statement that the petition "was placed in a United States mail box" within the 90-day period. We think we correctly held that "The statute does not make the filing date depend upon when the cover containing the petition was placed in a United States mailbox."

At the time our order of dismissal was entered on November 2, 1965, petitioners here had done no more than offer the affidavit of Spanierman. That was not enough. *Luther A. Madison, supra.* In *Madison*, we also said:

The Commissioner's regulations on the 1954 Code in section 301.7502–1 provide that if the postmark is not legible, the petitioner has the burden of proving

the date on which the postmark was stamped on the cover. There is no question here of the legibility of "the date of the United States postmark stamped on the cover in which" the petition in this case was mailed. The envelope in question was properly stamped and addressed to the Tax Court. The stamps on the envelope were canceled by black wavy lines between which "Los Angeles" appears at intervals, but no date is included in the cancellation of the stamps and no postmark date was ever stamped on the envelope by the Post Office Department. *Furthermore, there is no offer of evidence either that a date was postmarked on the envelope or what such date might have been.* * * * [Emphasis supplied.]

In the instant case an illegible date was postmarked on the envelope and we think petitioners have met their burden under the regulations of showing that the illegible date was within the 90-day period.

The order entered November 2, 1965, is revoked and respondent will have 60 days within which to file an answer.