RONALD J. HIGBY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Higby v. Commissioner
Docket No. 9367-72.
United States Tax Court
T.C. Memo 1973-176; 1973 Tax Ct. Memo LEXIS 110; 32 T.C.M. (CCH) 836; T.C.M. (RIA) 73176; August 8, 1973, Filed *110 Petitioner's petition to the Tax Court was filed with this Court after the 90-day filing period. The envelope containing the petition was not postmarked and while certified, the receipt bore no postmark. Held, respondent's motion for dismissal for lack of jurisdiction is granted; petitioner's petition was not filed within the 90-day period and the requirements of sec. 7502 allowing in effect an extension of that period were not met. Ronald H. Kahn, for the petitioner. Karin T. Skeen, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: The issue here is respondent's motion to dismiss this case for lack of jurisdiction because of the failure of petitioner to file a petition within the period prescribed by the applicable provision of the Internal 2 Revenue Code of 1954. Petitioner objected to the motion and a hearing on the motion was held at San Francisco, Calif., on June 15, 1973, at which time petitioner offered evidence in support of his position. At the conclusion of the hearing respondent's motion was taken under advisement. Upon consideration of the law and the evidence presented, *112 we have concluded that respondent's motion must be granted for the reasons stated herein. FINDINGS OF FACT Petitioner, Ronald J. Higby, was a resident of San Francisco, Calif., at the time this petition was filed. His return for the calendar year 1969 was filed with the Internal Revenue Service Center, Ogden, Utah. Respondent determined a deficiency in the amount of $1,678.81 in petitioner's income tax for the year 1969. A notice of deficiency was mailed to petitioner on September 22, 1972. The 90-day period within which a timely petition for redetermination could be filed in the Tax Court expired on December 21, 1972, which date was not a Saturday, Sunday or legal holiday. The petition herein was filed with the Tax Court on Tuesday, December 26, 1972 (Monday, December 25 was Christmas and a legal holiday) the date on which it was received by the Court - which date was 95 days after the mailing of 3 the notice of deficiency. The envelope in which the petition was received was properly addressed to the United States Tax Court, with the sender's name and address printed on the upper left-hand corner of the mailing label. It bore four United States postage stamps. *113 No postmark appeared anywhere on the envelope nor did any date otherwise appear on the envelope. A certified mail sticker No. 857894 was attached to the envelope. It had no date on it. The petition was signed by petitioner and acknowledged by him before a notary public for the city and county of San Francisco, Calif., on December 20, 1972. Attached to petitioner's memorandum of points and authorities in opposition to respondent's motion to dismiss for lack of jurisdiction was a notarized affidavit of Bland W. Cannon, Jr., an employee of counsel for petitioner. The affidavit presented evidence that Mr.Cannon filed the petition on December 21, 1972, by delivering it to his secretary, Miss Helga Koch, with instructions to enclose the same in a sealed envelope with postage thereon fully prepaid and to mail it by registered mail return receipt requested to the United States Tax Court. On or about 3:15 p.m. Miss Koch returned to Mr. Cannon's office with information that the petition had been mailed by placing the same in a mailing chute at the United States Post Office, Mills Building, 220 4 Bush Street, San Francisco, Calif., but that the mailing was accomplished by certified *114 rather than registered mail. On the retained portion of the receipt for certified mail Mr. Cannon entered in his own hand the date of mailing. OPINION Section 6213 [1] provides that a petition for redetermination of a deficiency may be filed in the Tax Court within 90 days after the notice of deficiency is mailed to the taxpayer. This 90-day filing requirement is jurisdictional and this Court has no jurisdiction unless this petition is timely filed. Baker L. Axe, 58 T.C. 256, 258 (1972); Estate of Frank Everest Moffat, 46 T.C. 499, 501 (1966); C. Louis Wood, 41 T.C.593, 594 (1964), affd. 338 F. 2d 602 (C.A. 9, 1964). It is clear in this case that the actual filing of the petition was untimely because it was not received and filed in the Tax Court until 95 days after the mailing of the notice of deficiency. Consequently, this Court has no jurisdiction and respondent's motion must be granted unless petitioner can bring himself within the provisions of section 7502. Section 7502 provides a statutory exception to the 90-day filing requirement of section *115 6213. It was first enacted in the 1954 Code to avoid the inequities and hardship of mails not functioning properly. See Bloch v. Commissioner, 254 5 F. 2d 277, 278-279 (C.A. 9, 1958); Skolski v. Commissioner, 351 F. 2d 485, 487 (C.A. 3, 1965). Section 7502(a) (1) provides that if any document to be filed within a prescribed period under the authority of any provision of the Internal Revenue laws, after such period, is delivered by U.S. mail to the office with which such document is required to be filed, then the date of the U.S. postmark stamped on the envelope in which such document is mailed shall be deemed to be the date of delivery of the document. Section 7502(a) (2) provides that this subsection shall apply only if the postmark date falls within the prescribed period for filing such document and only if the document was, within the time prescribed above, deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, and properly addressed to the office with which the document is required to be filed. The language of section 7502 is clear, explicit and strictly limited. Nathaniel A. Denman, 35 T.C. 1140 (1961). *116 It provides an exception to the 90-day filing requirement of section 6213; accordingly, there must be strict compliance with the provision and its regulations. Boccuto v. Commissioner, 277 F. 2d 549, 553 (C.A. 3, 1960); C. Louis Wood, supra at 597. Section 7502(c) provides for registered and certified mailing. If a petition is mailed by registered mail, such registration shall be prima facie evidence that the petition 6 was delivered to the Tax Court and the date of registration shall be deemed the postmark date. Section 7502(c) (1). In the case of certified mail, the Secretary is authorized to provide by regulations the extent to which the provision of 7502(c) (1) with respect to prima facie evidence of delivery and the postmark date shall apply. Section 301.7502-1(c) (1) (iii) (a ), Proced. & Admin. Regs., provide that one who relies on the postmark date assumes the risk that the postmark will bear a date on or before the last date for filing the document, but section 301.7502(c) (2) provides further that if the document is sent by United States certified mail and the sender's receipt is postmarked by the postal employee to which such document is presented, *117 then the date of the United States postmark on such receipt shall be treated as the postmark date of the document and hence the filed date. In this case there was no postmark and, while petitioner sent the petition by certified mail, the receipt was not postmarked by a postal employee. Thus under C. Louis Wood, supra, and Jacob L.Rappaport, 55 T.C. 709 (1971), affd. 456 F. 2d 1335 (C.A. 2, 1972), this Court lacks jurisdiction to hear this case. The method of handling certified mail is explained in detail in Nathaniel A. Denman, supra. Certified mail stickers and receipts can be purchased at any post office by 7 anyone and attached to mail which is dropped in a mail chute. This is the case here. If the sender wants his receipt postmarked by the post office, which is required by the regulations, he must take it to the post office and deliver it to a postal employee who stamps the receipt. This was not done here. Instead, petitioner has attempted to introduce evidence that the petition was timely mailed. In Rappaport we held such evidence inadmissible. There we stated at page 711: We recognize that there may be some logical *118 inconsistency between the rule applicable where there is no postmark at all and the rationale of the cases which permit a taxpayer, in the situation where there is an illegible postmark, to sustain his burden by submitting evidence of time of mailing to prove when the postmark was made. Skoiski v. Commissioner, 351 F. 2d 485 (C.A. 3, 1965), reversing and remanding an unreported order of this Court; Alexander Molosh, 45 T.C. 320 (1965); sec. 301.7502-1(c) (1) (iii) (a), Income Tax Regs. But the fact remains that, in the latter category of cases, there is a postmark, so that there is at least prima facie compliance with the requirements of section 7502(a).
After careful consideration, we have concluded that we should continue to adhere to our position that the risk of postmarking is on the taxpayer. C. Louis Wood, supra. * * * We hold that evidence as to when the envelope containing the petition in this case would have been postmarked in the normal course of the business of the U.S. Post Office Department is irrelevant and immaterial and therefore inadmissible. Consequently, respondent's motion to dismiss for lack of jurisdiction *119 will be granted. However, even if the affidavit were admissible, for petitioner here to have prevailed more evidence would be 8 necessary to sustain his burden of proof. An affidavit of an employee of counsel for petitioner is not enough. See Alexander Molosh, 45 T.C. 320, 322-323 (1965). Petitioner here has made several due process arguments including a claim that we are arbitrarily denying him a day in court since the timeliness of the petition depends in effect upon the "whims" of the post office. The regulations, however, specifically place the risk on the taxpayer to get the proper postmarks. He also contends that there exists a constitutionally protected right of financially unrestricted access to the courts. Our procedural rules do not deny him that right. We thus find that while petitioner's due process arguments are commendable in their novelty, they are still without merit. This Court must adhere to its jurisdictional rules. They are to be applied equally and fairly to all taxpayers. If a taxpayer wishes to use the U.S. mail to file his petition, the burden is on him to make sure that the envelope is properly stamped and postmarked so that *120 this Court can determine if the petition was timely filed. Although this rule sometimes seems harsh, it has the advantage of certainty and appears to be reasonable particularly in light of the fact that the taxpayer has 90 days to timely file a petition. It also avoids a burden on this Court of having to make determinations as to the timeliness of filing 9 when there is no postmark or there is a failure to get a date stamped on a certified envelope. It thus appears in this case that the fault lies not with this Court or with its rules of jurisdiction but with petitioner's attorneys in failing to take the proper precaution in filing by mail. Petitioner is not without remedy; he can still pay the deficiency and seek a refund in the District Court.
An appropriate order will be entered. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended. ↩