RICHARD A. NOVAK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Novak v. Commissioner
Docket No. 10928-76.
United States Tax Court
T.C. Memo 1977-292; 1977 Tax Ct. Memo LEXIS 148; 36 T.C.M. (CCH) 1169; T.C.M. (RIA) 770292; August 30, 1977, Filed *148 The petition herein was delivered by United States mail 92 days after the date respondent's notices of liability were postmarked. The envelope containing the petition bore an illegible postmark. Petitioner testified that the petition was posted in a mailbox at 5:30 p.m. on the 90th day and that there was a mail pickup at 7:15 p.m. on the same day. Petitioner also submitted a corroborating affidavit signed by his secretary. Respondent did not cross-examine petitioner, object to the admission of the affidavit, or present any contradicting testimony or evidence. Held, petitioner has established that the envelope containing the petition was postmarked within the 90-day period. Therefore, under sec. 7502(a), I.R.C. 1954, the petition was timely filed. Respondent's motion to dismiss is denied. J. Bruce Donaldson, for the petitioner. Richard A. Witkowski, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: This matter is before the Court on respondent's "Motion to Dismiss for Lack of Jurisdiction" filed February 8, 1977. Respondent contends that the petition herein was not filed within the period prescribed by section 6213(a). [1]
Respondent determined income tax deficiencies for 1973 and on September 15, 1976, mailed to petitioner, as transferee, notices of liability. On Thursday, December 16, 1976, which was not a legal holiday in the District of Columbia, 92 days after the notices of liability were mailed to petitioner, the Tax Court received the petition herein in an envelope bearing a partially illegible postmark. The legible portion of the postmark reads "PM 1976." The petition bears *150 the stamp of the United States Tax Court Mail Room dated December 16, 1976, and timed 12:57 p.m. The stamp of the Clerk's Office indicates the petition was filed the same day at 1:55 p.m. [2]
As here applicable, section 6213(a) provides that within 90 days after a notice of deficiency is mailed, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. If any document required to be filed within a prescribed period is, after the expiration of the period, delivered by United States mail to the office where the document is required to be filed, the date on the United States postmark shall be deemed the date of delivery. Sec. 7502(a)(1). Hence, even though a petition is received by the Tax Court after the expiration of the *151 90-day filing period, it will be deemed timely filed if postmarked on or before the 90th day. Section 301.7502-1(c)(1)(iii)(a), Proced. & Admin. Regs., states that "If the postmark on the envelope or wrapper is not legible, the person who is required to file the document has the burden of proving the time when the postmark was made." Where the postmark is illegible, it is appropriate for the taxpayer to establish the date of the postmark through evidence other than that appearing on the face of the document. For example, evidence as to the actual time of mailing is clearly relevant to proving when the postmark was made. Skolski v. Commissioner,351 F. 2d 485, 487-488 (3d Cir. 1965). Similarly, Molosh v. Commissioner,45 T.C. 320 (1965). As in Mason v. Commissioner,68 T.C. 354 (1977), petitioner, through testimony, sought to establish that he mailed his petition timely and that its postmark, although illegible, was timely. Petitioner testified that he prepared and signed the petition on December 14, 1976, and that he was aware that the petition must be postmarked no later than the 90th day after the date the notices of liability *152 were postmarked. He also testified that at approximately 5:30 p.m. he accompanied his secretary to a mailbox located outside his office in Saginaw, Michigan, where the envelope containing the petition was deposited. On the mailbox was a schedule indicating the next mail pickup would be at 7:15 p.m. that same evening. In support of his testimony petitioner submitted an affidavit signed by his secretary that corroborated his testimony. Respondent's counsel raised no objections to admitting the affidavit into evidence. When asked if he desired to cross-examine petitioner, respondent's counsel declined. Further, at the end of petitioner's testimony, after petitioner rested, respondent rested without presenting any witnesses, testimony, or contradicting evidence. We found petitioner's testimony direct, candid, and forthright. The petition, which was delivered in Washington, D.C., during the high volume Christmas mail season, was postmarked in the afternoon in Michigan, and received at the Tax Court at approximately noon on the 92nd day. In view of this fact, we believe the petitioner, as he testified, must have mailed his petition and the petition must have been postmarked no later *153 than the evening of the 90th day. Apparently, respondent too was convinced by petitioner's testimony since he declined to cross-examine petitioner, object to the affidavit from petitioner's secretary, or present any contradicting evidence. Presumably, had respondent had contradicting evidence he would have produced it. Cf. Wichita Terminal Elevator Co. v. Commissioner,6 T.C. 1158, 1165 (1946), affd. 162 F. 2d 513 (10th Cir. 1947). Similarly, respondent's failure to cross-examine petitioner leads us to conclude petitioner's testimony was accurate. Pearl v. Commissioner,T.C. Memo. 1977-262. Accordingly, respondent's motion is denied and An appropriate order will be issued. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. The envelope bears a certified mail marking that was attached by petitioner's secretary. Since this envelope was deposited in a mailbox and not taken to a post office, petitioner's receipt was not cancelled by a postal employee.Therefore sec. 301.7502-1(c)(2), Proced. & Admin. Regs., is inapplicable. Cf. Wood v. Commissioner,41 T.C. 593 (1964), affd. 338 F. 2d 602↩ (9th Cir. 1964).