JEFFREY C. FELT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Felt v. Commissioner
Docket No. 9499-77.
United States Tax Court
T.C. Memo 1978-286; 1978 Tax Ct. Memo LEXIS 230; 37 T.C.M. (CCH) 1203; T.C.M. (RIA) 78286; July 26, 1978, Filed *230 The envelope containing the petition bore an illegible postmark. Held, petitioner has established that the envelope containing the petition was postmarked within the 90-day period. Therefore, under sec. 7502(a), I.R.C. 1954, the petition was timely filed. Respondent's motion to dismiss is denied. Ronald P. Smith, for the petitioner. Dale L. Newland, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: This matter is before the Court on respondent's "Motion to Dismiss for Lack of Jurisdiction" *231 filed October 26, 1977. Respondent contends that the petition herein was not filed within the period prescribed by section 6213(a). [1]
Respondent determined an income tax deficiency for 1974 and on June 10, 1977, mailed a notice of deficiency to petitioner. On Monday, September 12, 1977, which was not a legal holiday in the District of Columbia, 94 days after the notice of deficiency was mailed to petitioner, the Tax Court received the petition herein in an envelope bearing an illegible postmark. The petition bears the stamp of the United States Tax Court Mail Room dated September 12, 1977, and timed 9:02 a.m. The stamp of the Clerk's Office indicates the petition was filed the same day at 11:43 a.m. As here applicable, section 6213(a) provides that within 90 days after a notice of deficiency is mailed, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. If any document required to be filed within a prescribed period is, after the expiration of the period, delivered by the United States mail to the office where the document is required to be filed, *232 the date on the United States postmark shall be deemed the date of delivery. Sec. 7502(a)(1). Hence, even though a petition is received by the Tax Court after the expiration of the 90-day filing period, it will be deemed timely filed if postmarked on or before the 90th day. Section 301.7502-1(c)(1)(iii)(a), Proced. & Admin. Regs., states that "If the postmark on the envelope or wrapper is not legible, the person who is required to file the document has the burden of proving the time when the postmark was made." Where the postmark is illegible, it is appropriate for the taxpayer to establish the date of the postmark through evidence other than that appearing on the face of the document. Sylvan v. Commissioner,65 T.C. 548, 553 (1975). For example, evidence as to the actual time of mailing is clearly relevant to proving when the postmark was made. Skolski v. Commissioner,351 F. 2d 485, 487-488 (3d Cir. 1965). Accord, Molosh v. Commissioner,45 T.C. 320, 322 (1965). As in Mason v. Commissioner,68 T.C. 354, 357 (1977), petitioner, through testimony, sought to establish that he mailed his petition timely and *233 that its postmark, although illegible, was timely. A legal secretary of petitioner's attorney testified that she prepared the enclosure letter, petition, request for place of trial, and the mailing envelope to this Court containing these items; the envelope was prepared on September 8, 1977. She further testified that at about 5:00 p.m. on September 8, 1977, she deposited the envelope containing the petition and other items in a mailbox located outside the law firm's office in St. Paul, Minnesota. Mail pickups were at 5:30 p.m. and 6:30 p.m. that same evening. Finally, she testified that, pursuant to office custom, she prepared an affidavit of service of the petition on the day it was mailed, September 8, 1977. The affidavit was notarized on September 8, 1977. Respondent presented no contradicting evidence. We found the secretary's testimony direct, candid, and forthright. Her testimony reflected that it was office custom to prepare an affidavit of service of the petition on the day it was mailed. That affidavit is notarized on the 90th day, September 8, 1977. In view of this fact, we believe the secretary, as she testified, must have mailed the petition and the envelope *234 containing it must have been postmarked no later than the evening of the 90th day. Apparently, respondent too was convinced by the secretary's testimony since he declined to present any contradicting evidence. Presumably, had respondent had contradicting evidence he would have produced it. Cf. Wichita Terminal Elevator Co. v. Commissioner,6 T.C. 1158, 1165 (1946), affd. 162 F. 2d 513 (10th Cir. 1947). Accordingly, respondent's motion is denied and An appropriate order will be issued. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩