MENARD, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Menard, Inc. v. Commissioner
Docket No. 16919-80.
United States Tax Court
T.C. Memo 1981-182; 1981 Tax Ct. Memo LEXIS 556; 41 T.C.M. (CCH) 1279; T.C.M. (RIA) 81182; April 20, 1981. John T. Candell, Saul A. Bernick, and Neal J. Shapiro, for the petitioners. Ellen T. Friberg, for the respondent. EKMAN
MEMORANDUM OPINION EKMAN, Judge: This case is presently before this Court on respondent's "Motion to Dismiss for Lack of Jurisdiction". Respondent contends that the petitioner did not file a petition within the statutory period described by sections 6213(a) and 7502 and therefore this Court has no jurisdiction. A hearing was held in Milwaukee, Wisconsin on March 2, 1981. At the conclusion of the hearing the Court took the motion *557 under advisement. Respondent determined a deficiency in petitioner's Federal income tax of $ 588,595.37 and an addition to tax under section 6653(a) of $ 29,429.77 for the tax year ending January 31, 1975; of $ 34,804.00 and an addition to tax under section 6653(a) of $ 1,740.02 for the tax year ending January 31, 1976; and of $ 485,184.00 and an addition to tax under section 6653(a) of $ 24,259.20 for the tax year ending January 31, 1977. On June 6, 1980, respondent mailed to petitioner by certified mail a notice of deficiency. The 90-day period for timely filing a petition with this Court expired on Thursday, September 4, 1980, which date was not a legal holiday in the District of Columbia. The petition was received in this Court on September 8, 1980, and the envelope containing the petition bore no postmark. The envelope was properly addressed and had a sufficient amount of postage attached. Section 6213(a) provides that within 90 days after a valid statutory notice of deficiency is mailed (unless the notice is addressed to a person outside the United States), the taxpayer may file a petition with this Court for a redetermination of the deficiency. Failure to file within *558 the prescribed period requires that the case be dismissed for lack of jurisdiction. Estate of Moffat v. Commissioner, 46 T.C. 499 (1966); Vitale v. Commissioner, 59 T.C. 246 (1972). Filing is completed when the petition is received by the Court unless the exception provided by section 7502 is applicable. Under section 7502, a petition received through the mail is generally deemed filed on the date of the U.S. postmark on the envelope containing the petition if such postmark bears a timely date. [1] Since the petition in the present case was not received by the Court within the 90 day period, petitioner relies on section 7502. *559 Respondent contends that inasmuch as the petition was received after the expiration of the statutory 90-day period and that the envelope containing the petition bore no postmark, evidence as to the time of mailing of the petition is irrelevant in determining whether the petition was timely filed. Respondent contends that there is a significant difference between "illegible postmark" and "no postmark" and asks us once again to reconsider our decision in Sylvan v. Commissioner, 65 T.C. 548 (1975), in which we overruled Rappaport v. Commissioner, 55 T.C. 709 (1971), affd. in open court without opinion 456 F.2d 1335 (2d Cir. 1972), and in which we stated (65 T.C. at 553): [W]e have held that evidence is admissible to ascertain the date of mailing when the postmark is illegible ( Alexander Molosh, 45 T.C. 320 (1965); see also Skolski v. Commissioner, 351 F.2d 485 (3d Cir. 1965)), and when the original over is destroyed and the petition is rewrapped in an envelope with no postmark ( Perry Segura & Associates, Inc., T.C. Memo. 1975-80). In both of these instances the time of *560 mailing was not "indicated by the postmark" as contemplated by Congress. For the purpose Congress had in mind in referring to a postmark, a postmark was simply not available. For purposes of interpreting the specific statute before us, these cases cannot fairly be distinguished from cases where the postal service inadvertently neglects to postmark a properly mailed item. It certainly makes no sense to continue to distinguish between part of a postmark consisting of an empty or obliterated circle (or part of a circle), and no postmark at all. In all of these cases, there simply is not a postmark that serves the purpose of the statute as contemplated by Congress. In the case of illegible postmarks and damaged envelopes, we have properly concluded evidence as to timely mailing is admissible. We think the answer is the same where a postmark is entirely (rather than partially) omitted through oversight. To hold otherwise would make the important right to a prepayment hearing depend entirely on the form by which a postal omission is manifested. [Fn. refs. omitted.] As we stated in Ruegsegger v. Commissioner, 68 T.C. 463, 465-467 (1977), on facts very similar *561 to the present case: The question before us is not new. We must decide whether evidence of timely mailing is admissible as evidence of timely filing in the absence of a postmark on the envelope in which the petition was mailed. We have spent many long and tumultuous hours considering this issue in the past, with the result that the Court is strongly divided on the merits. See Sylvan v. Commissioner, 65 T.C. 548 (1975). It is not our intention to reconsider the issue at this time. Rather, we are simply confronted with the consequences flowing from the Sylvan decision. In Sylvan we overruled our decision in Rappaport v. Commissioner, 55 T.C. 709 (1971), affd. in open court without opinion 456 F.2d 1335 (2d Cir. 1972), and held that evidence of the date of mailing was admissible to show the date of the postmark which would have been stamped on the envelope containing the petition had the postal workers performed their duties properly. Because the affirmance of Rappaport by the Second Circuit does not have any precedential value either in this Court or in the Second Circuit, we do not feel bound to follow it under the *562 rule of Golsen v. Commissioner, supra.
We choose then to follow our decision in Sylvan v. Commissioner and admit evidence of the date of mailing of the petition. We are mindful, however, that the date of mailing is only circumstantial evidence of the date of the postmark which should have been stamped on the envelope containing the petition. And it is the date of the postmark which governs the applicability of section 7502. Thompson v. Commissioner, 66 T.C. 737, 741 (1976); Estate of Moffat v. Commissioner, 46 T.C. 499 (1966); Molosh v. Commissioner, 45 T.C. 320 (1965); Madison v. Commissioner, 28 T.C. 1301 (1957). [Fn. ref. omitted.] Suffice it to say that we see no reason to depart now from our previous decisions as to this matter. Also cf. Cassell v. Commissioner, 72 T.C. 313, 317-318 (1979). Petitioner, with the consent of respondent, submitted five affidavits for purposes of proving that the petition was timely filed. The first affidavit is that of John T. Candell, an attorney representing petitioner. In that affidavit, Mr. Candell states, inter alia, that he and associate *563 counsel, Saul A. Bernick, an attorney from another firm, prepared the petition and completed it on September 3, 1980, that it was signed by him and Mr. Bernick in the presence of each other and in the presence of Margaret L. Knowlton, an employee of Mr. Candell's law firm, at approximately 5:00 p.m. on September 3, 1980, that thereafter he and David J. Butler, an attorney in Mr. Candell's firm, drove to the United States Post Office in Minneapolis, Minnesota, and that he arrived inside the Post Office at approximately 5:35 p.m. on September 3, 1980, and found all the service windows closed. Mr. Candell further states in his affidavit that: The sign near one of the service windows indicated that closing time was 5:30 p.m. Your Affiant then knocked on the window and on an adjacent door in an attempt to obtain service from a postal employee. An employee of the United States Post Office opened the door and your Affiant requested that he be allowed to purchase postage, to deposit the Petition with the postal employee and receive proof of mailing. The postal employee stated that this would not be possible since the service windows were closed for the day. Your Affiant then inquired *564 as to whether or not the employee knew of any other post office in the metropolitan Minneapolis/St. Paul area at which window service could be obtained. The postal employee indicated that he knew of none, however, he suggested that if an envelope were deposited in the mail depository just outside the service window, that it would be picked up and postmarked well before midnight on September 3, 1980. Whereupon, your Affiant proceeded to a self-service postage area where he weighed the parcel, purchased approximately twice the required postage and affixed it to the envelope. Then your Affiant proceeded to mail depository and deposited the envelope with the Petition enclosed at approximately 5:40 p.m. Upon deposit your Affiant noticed a sign above the mail depository which indicated that there would be several mail pickups at that depository after the time the envelope was deposited and prior to midnight of September 3, 1980. The second affidavit is that of Saul A. Bernick, associate counsel representing petitioner. In that affidavit Mr. Bernick states, inter alia, that he and Mr. Candell prepared the petition and signed it at approximately 5:00 p.m. on September 3, 1980, and that *565 shortly thereafter Mr. Candell and Mr. Butler left together to drive to the United States Post Office in Minneapolis for the purpose of mailing the envelope containing the petition. The third affidavit is that of David J. Butler, an attorney in Mr. Candell's firm. In that affidavit Mr. Butler states, inter alia, that on September 3, 1980, he accompanied Mr. Candell to the United States Post Office in Minneapolis, Minnesota, that they arrived shortly after 5:30 p.m., that Mr. Candell told him that he was about to mail a petition to the Tax Court, that Mr. Candell was holding an envelope addressed to the Tax Court, that Mr. Candell entered the Post Office at approximately 5:35 p.m. and returned to the automobile at approximately 5:45 p.m., and that upon returning to the automobile, Mr. Candell explained that he was unable to obtain services in the Post Office and as a result it was necessary for him to weigh the parcel, affix the postage, and deposit the envelope in the mail depository next to the postal service window. The fourth affidavit is that of Margaret L. Knowlton, an employee of Mr. Candell's law firm. In that affidavit, Ms. Knowlton states, inter alia, that she was involved *566 in the preparation of the petition, that on September 3, 1980, she witnessed the signing of the petition by Mr. Candell and Mr. Bernick, and that at approximately 5:20 p.m. she, Mr. Candell, and Mr. Butler left their offices for the day. The fifth and last affidavit submitted by petitioner is that of Gene H. Kreienbrink, United States Postmaster, Main Office, Minneapolis, Minnesota. In that affidavit, Mr. Kreienbrink states that if an envelope was mailed to Washington, D.C., first class, postage prepaid, in a mailing slot in the Main Post Office in Minneapolis, Minnesota, on September 3, 1980, at approximately 5:35 p.m., the envelope should have been postmarked within 2 hours after its deposit, thus on September 3, 1980, but that the cancelling machine which affixes the postmark does not cancel every envelope. Mr. Kreienbrink further states in the affidavit that, consistent with published service standards, the envelope should have been delivered by Saturday, September 6, 1980, but if the addressee does not receive delivery of mail on Saturday, the letter should have been delivered on Monday, September 8, 1980. [2]
*567 Respondent offered no evidence contradicting any of these affidavits. We believe that the statements made by the three attorneys and Ms. Knowlton in their respective affidavits were credible. We have no reason to doubt the truth of those statements. Cf. Reugesegger v. Commissioner, supra at 469; Mason v. Commissioner, 68 T.C. 354 (1977). Moreover, the statement of the United States Postmaster, Main Office, Minneapolis further supports petitioner's assertion that the petition was timely mailed on September 3, 1980. Compare Mason v. Commissioner, supra.After considering the record before us, we conclude that petitioner has established that the petition was mailed on September 3, 1980, which is the 89th day after the mailing of the notice of deficiency. Accordingly, respondent's motion to dismiss for lack of jurisdiction is denied. An appropriate order will be entered. Footnotes
1. SEC. 7502. TIMELY MAILING TREATED AS TIMELY FILING AND PAYING. (a) General Rule. -- (1) Date of Delivery. -- If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be. (2) Mailing Requirements. -- This subsection shall apply only if-- (A) the postmark date falls within the prescribed period or on or before the prescribed date-- (i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document, or (ii) for making the payment (including any extension granted for making such payment), and (B) the return, claim, statement, or other document, or payment was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return, claim, statement, or other document is required to be filed, or to which such payment is required to be made.↩
2. No mail deliveries are made to the Tax Court during the weekend. See Mason v. Commissioner, 68 T.C. 354, 358 (1977), Leventis v. Commissioner, 49 T.C. 353, 355↩ (1968).