STANLEY A. HYDRUSKO and IRENE D. HYDRUSKO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hydrusko v. Commissioner
Docket No. 13311-81.
United States Tax Court
T.C. Memo 1982-139; 1982 Tax Ct. Memo LEXIS 609; 43 T.C.M. (CCH) 824; T.C.M. (RIA) 82139; March 22, 1982. Philip L. Nadler, for the petitioners. Claire Priestley-Cady, for the respondent. FORRESTER
MEMORANDUM OPINION FORRESTER, Judge: This matter comes before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition herein was filed after the expiration of the statutory 90-day response period under section 6213(a). [1]
Petitioners are husband and wife who resided in Mountain *610 View, California, at the time their petition herein was filed. Respondent timely mailed the notice of deficiency to petitioners by certified mail on March 5, 1981, at their last known address. The 90-day period for timely filing of the petition herein expired on June 3, 1981. The petition was received by the Tax Court on June 15, 1981, which was 102 days after the deficiency notice was mailed. The envelope in which the petition was received was properly addressed to the United States Tax Court. It was sent by ordinary mail, bearing two postmarks. One postmark is clearly legible indicating "TERMINAL ANNEX, L.A. 900 1981, June 10-PM." The other postmark was not clearly legible. The characters which were capable of being deciphered indicated only "TERMINAL     A. 900    ." A hearing was held on October 19, 1981, regarding respondent's motion. Petitioners' attorney testified that he mailed the petition on June 2, 1981, from the Airport Boulevard Post Office in Los Angeles, and that apparently the mailbox had thereafter been hit by a motor vehicle. He surmised that much of the mail must have been damaged, then taken to the Terminal Annex Post Office 12 miles away, and *611 that later, when the petition was found to be undamaged, it was postmarked and mailed. He also testified that he made written inquiries to the Post Office but had as yet received no response. The Court asked the parties to file briefs and, on the request of petitioners' counsel, agreed to consider a motion to reopen the record if proof should become available indicating that the illegible postmark was actually made on June 2 or 3, 1981. Petitioners' counsel has filed a brief, but no reply brief, and he has not attempted to submit evidence of timely mailing. Under section 6213(a) this Court has no jurisdiction unless the petition is timely filed. Denman v. Commissioner,35 T.C. 1140 (1961). Section 7502(a) provides, inter alia, that timely mailing shall be treated as timely filing where the United States postmark date stamped on the cover of the document mailed falls within the time prescribed for filing. Where a postmark is illegible, the taxpayer is entitled to prove (and bears the burden to prove) the time when the postmark was made. Estate of Moffat v. Commissioner,46 T.C. 499 (1966); Molosh v. Commissioner,45 T.C. 320 (1965). *612 The legible postmark herein bears the date June 10, 1981, which is 97 days after the notice of deficiency was sent by certified mail. The petitioners have failed to prove that the illegible postmark was made earlier than June 10, 1981. Under these circumstances, the only conclusion that can be reached is that the petition was not timely filed. Estate of Moffatv. Commissioner,supra.Thus, this Court is without jurisdiction, and must grant respondent's motion to dismiss. An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue.↩