T.C. Memo. 2000-147


UNITED STATES TAX COURT


DEBRA J. HORD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6386-99.                    Filed April 24, 2000.


<u>Sallie W. Gladney</u> and <u>Teresa J. Womack</u>, for petitioner.

<u>John D. Faucher</u> and <u>Gordon P. Sanz</u>, for respondent.


MEMORANDUM OPINION


THORNTON, <u>Judge</u>:  This matter is before the Court on
respondent's motion to dismiss for lack of jurisdiction.
Respondent contends that petitioner failed to file a timely

petition within the 90-day period prescribed in section 6213(a).[1] On October 25, 1999, the Court heard evidence and argument on respondent's motion.

Background

Respondent determined a deficiency of $9,867 in Federal income tax due from petitioner for taxable year 1996. Respondent mailed to petitioner a statutory notice of deficiency, which shows on its face the date December 29, 1998. The notice of deficiency was mailed to petitioner's residence in Pearland, Texas.

On April 5, 1999, petitioner filed a petition for redetermination with the Court.[2] Attached to the petition was a copy of the notice of deficiency. The petition arrived at the Court in an envelope bearing a private postage meter mark showing a date of March 29, 1999. The private postage meter mark was canceled by a larger U.S. Postal Service mark, clearly showing the month and year as "MAR 1999". The day of the month, however, is only partially printed and appears as the open-looped bottoms of two digits, which respondent contends signify the number "30". The envelope has attached to it a U.S. Postal Service "CERTIFIED

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] When the petition was filed, petitioner resided in Pearland, Texas.

MAIL" sticker, bearing a certified mail number.  The sender's receipt has been removed at the perforation.  Petitioner claims, however, not to have received a sender's receipt.

Discussion

If the notice of deficiency was mailed to petitioner on December 29, 1998, as respondent contends, then the 90-day period prescribed by section 6213(a) for filing a petition with the Court expired on Monday, March 29, 1999, which was not a legal holiday in the District of Columbia.  Respondent contends that the petition was not postmarked until March 30, 1999, and that therefore this Court lacks jurisdiction.  See sec. 7502(a); Rule 13(a).

In opposing respondent's motion to dismiss for lack of jurisdiction, petitioner argues first that respondent has failed to prove that the notice of deficiency was mailed on or before December 29, 1998, and that therefore the petition was timely, even if postmarked March 30, 1999.  From the evidence in the record, however, we are satisfied that respondent mailed the notice of deficiency to petitioner on December 29, 1998.  The record includes a copy of the notice of deficiency, dated December 29, 1998, that was mailed to and received by petitioner, as well as a copy of U.S. Postal Service Form 3877 (Form 3877), which is postmarked December 29, 1998.  The Form 3877 states along the top that "NOTICES OF DEFICIENCY FOR THE YEARS INDICATED

HAVE BEEN SENT TO THE FOLLOWING TAXPAYERS". Petitioner's name and address appear on line 4, with a notation indicating that the notice of deficiency was for taxable year 1996. The Form 3877 bears the typewritten legend "CERTIFIED A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN THE DISTRICT OFFICE OF THE INTERNAL REVENUE SERVICE OF HOUSTON, TEXAS", signed by an individual identified as "Chief, Examination Support & Processing Branch", and dated April 19, 1999. The names and addresses of 12 other taxpayers have been redacted from the Form 3877 in the record.[3]

Petitioner has not rebutted this probative evidence that respondent mailed the notice of deficiency on December 29, 1998. For instance, petitioner did not produce the envelope in which

---

[3] At the hearing, petitioner's counsel initially stated that she had "No objection" to the admission of the Form 3877 into evidence but then expressed a concern that respondent had not produced a witness to "support" it. After legal arguments, during which respondent's counsel offered to produce a foundation witness if necessary, respondent's counsel again moved to have the document admitted into evidence, and petitioner's counsel again stated, in response to the Court's inquiry, that she had "No objections". On brief, petitioner objects to the admission of the Form 3877 into evidence, arguing for the first time that because of the redactions it is "not in its original condition", and arguing that respondent failed to lay a proper foundation or prove authenticity. Because petitioner's counsel expressly waived any objection at the hearing and on the record, petitioner's objections on brief are untimely and therefore also treated as waived. See Fed. R. Evid. 103(a)(1) (requiring that "a timely objection or motion to strike [appear] of record"); United States v. Kreimer, 609 F.2d 126, 133 (5th Cir. 1980); Halle v. Commissioner, T.C. Memo. 1996-116. To hold otherwise at this late stage of the proceeding would be grossly unfair to respondent, who had offered at the hearing to take corrective measures to overcome any objection. See Advisory Committee's Note to Fed. R. Evid. 103, 56 F.R.D. 183, 195 (1973); see also United States v. Kreimer, supra at 133.

she received from respondent the notice of deficiency. Cf. Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158 (1946), affd. 162 F.2d 513 (10th Cir. 1947). In the absence of contrary evidence, we conclude and hold that respondent has proved that the notice of deficiency was mailed on December 29, 1998. Cf. United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984); United States v. Ahrens, 530 F.2d 781, 784 (8th Cir. 1976); Coleman v. Commissioner, 94 T.C. 82, 90-91 (1990).

Relying on section 7502(a), petitioner argues that even if the notice of deficiency was mailed on December 29, 1998, the petition was timely filed on March 29, 1999.

Under section 7502(a)(1), if a petition is delivered to the Court by U.S. mail after the expiration of the 90-day deadline, the date of the "United States postmark stamped on the cover" in which the petition was mailed is deemed to be the date of delivery.[4] For this purpose, any private postage meter mark is disregarded. See Malekzad v. Commissioner 76 T.C. 963, 967 (1981). If the U.S. postmark is illegible or has been

---

[4] Sec. 7502(c)(2) authorizes the Secretary to promulgate by regulation the extent to which the use of certified mail shall constitute prima facie evidence of delivery and the manner in which the postmark date will be determined. The applicable regulations provide in relevant part:

> If the document is sent by United States certified mail and the sender's receipt is postmarked by the postal employee to whom such document is presented, the date of the United States postmark on such receipt shall be treated as the postmark date of the document. [Sec. 301.7502-1(c)(2), Proced. & Admin. Regs.]

inadvertently omitted, the taxpayer may offer extrinsic evidence to establish what was or should have been the actual date of the U.S. postmark. See Sylvan v. Commissioner, 65 T.C. 548 (1975) (omitted postmark); Molosh v. Commissioner, 45 T.C. 320 (1965) (illegible postmark). The same evidence is relevant in either case. See Sylvan v. Commissioner, supra at 554. In either case, to obtain the benefits of section 7502, the taxpayer bears the burden of proving timely mailing. See Langston v. Commissioner, T.C. Memo. 1997-303; see also sec. 301.7502-1(c)(1)(iii)(a), Proced. & Admin. Regs.

Relying on provisions of the U.S. Postal Service Postal Operations Manual and citing Traxler v. Commissioner, 61 T.C. 97 (1973), modified 63 T.C. 534 (1975), petitioner argues that the markings in question do not constitute a U.S. postmark but that in any event, the date is illegible.

On the basis of the evidence in the record, we believe that the markings in question do constitute a U.S. postmark and that the date appearing therein is March 30, 1999. The manager of distribution operations at a U.S. Postal Service mail processing facility in Houston, Texas, testified that the envelope in which the petition was mailed did bear a U.S. postmark and that,

although the top portions of the digits in question are indecipherable, he was certain that the postmark date was "30 MAR 1999".[5]

Even if we were to assume, however, that the envelope in question bears no U.S. postmark or that the date of the postmark is illegible, petitioner has nevertheless failed to carry her burden of proving that the petition was timely filed. The private postage meter mark shows at most that the envelope might have been prepared for mailing on March 29, 1999, not that it was actually mailed that day. The only other evidence that petitioner has adduced is the uncorroborated testimony of her counsel, Sallie Gladney (Gladney), who claims to have delivered the petition, along with a stack of other mail, to the 24-hour U.S. post office located at Bush International Airport, in Houston, Texas, on March 29, 1999, at "approximately" 11:30 p.m. She also testified, however, that she did not remember the exact time. Her own testimony, therefore, does not exclude the

---

[5] Petitioner argues that the two digits in question could conceivably be something other than "30", but has advanced no alternative possibility that is meaningful in the instant factual context. In particular, petitioner does not argue, and we do not believe, that the digits could realistically be construed as "29", to corroborate her claim that the petition was mailed on Mar. 29, 1999. Petitioner suggests that the first digit could be construed as a zero. If so, the postmark would have been made in the first 9 days of March, a scenario that is inconsistent with petitioner's own contention that she mailed the petition on Mar. 29, and that is unlikely in light of the Court's receipt of the petition by U.S. mail on Apr. 5, 1999.

possibility that the petition might have been mailed after midnight, and thus on March 30, rather than March 29, 1999.

Gladney testified that she mailed the petition by certified mail and paid postage accordingly but never received a sender's receipt, because she had left the receipt at her office and did not have time to return for it.  Gladney suggested no plausible reason why the sender's receipt should have been detached from the Form 3800 (certified mail receipt) of which it was originally part, though her testimony clearly suggests that she was aware beforehand that it had been detached and remained at her office.

More fundamentally, however, we find Gladney's testimony implausible and self-serving.  As a practicing tax attorney, Gladney should have been aware of the risks associated with mailing the petition at the 23d hour of the last day prescribed for filing it with the Court.  Cf. Drake v. Commissioner, 554 F.2d 736, 739 (5th Cir. 1977) ("we could hardly ignore the fact that the petition was mailed at 6:00 p.m. on the ninetieth day--a circumstance which could not help but raise the spectre of possible timeliness problems").  By mailing the petition by certified mail, as she did, she could overcome those risks by virtue of having a timely postmarked sender's receipt.  See sec. 301.7502-1(c)(2), Proced. & Admin. Regs.  She claims not to have received one.  The evidence indicates that there would have been hundreds of Forms 3800 at the post office.  The record contains

no satisfactory explanation why Gladney, upon discovering that the original Form 3800 was missing the crucial sender's receipt, would not have simply used another, intact Form 3800 to certify the mailing or else have made other efforts to obtain from the postal clerk a substitute receipt. These unexplained irregularities undermine the credibility of Gladney's testimony.

In sum, we conclude and hold that petitioner has failed to establish timely mailing of the petition. Therefore, we must grant respondent's motion to dismiss the case for lack of jurisdiction.[6]

<u>An appropriate order of</u>
<u>dismissal for lack of jurisdiction</u>
<u>will be entered</u>.

---

[6] Although petitioner cannot pursue her case in this Court, she is not without a remedy, as she may pay the tax, file a claim for refund with the IRS, and if the claim is denied, sue for a refund in the Federal District Court or the U.S. Court of Federal Claims. See <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 (1970); <u>Koerner v. Commissioner</u>, T.C. Memo. 1997-144.