T.C. Memo. 2002-218

UNITED STATES TAX COURT

LANDER GIBSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 615-02.                    Filed August 27, 2002.

Lander Gibson, pro se.

<u>Edward D. Fickess</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not filed within the time prescribed by section 6213(a) or 7502.[1]

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references
(continued...)

Background

At the time he filed his petition and amended petition, petitioner resided in Syracuse, New York.

In the notice of deficiency, dated September 4, 2001, respondent determined a deficiency in petitioner's 1999 Federal income tax of $5,028.[2]  The notice of deficiency advised petitioner that he had 90 days from the date of the notice to file a petition in the Tax Court for a redetermination of the deficiency.  The notice of deficiency stated that the last date to petition the Tax Court was December 3, 2001.

Petitioner mailed a petition properly addressed to the Court in late November 2001 at a post office in the Carousel shopping mall in Syracuse after he finished work.  The Court received the petition on January 2, 2002, which is 120 days after the mailing of the notice of deficiency.  In November and December 2001 and January 2002, the Court was experiencing significant anthrax-related mail delays following the closure of the post office serving the Court.  In January 2002, the Court was still receiving mail from November and December 2001.  All of the regular U.S. mail received by the Court was subject to irradiation treatment.  As a result of the irradiation treatment,

---

[1](...continued)
are to the Tax Court Rules of Practice and Procedure.

[2]  Amounts are rounded to the nearest dollar.

the postmark on the envelope in which the petition arrived was illegible.[3]

On April 12, 2002, respondent filed a motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed. On May 10, 2002, petitioner objected to the granting of this motion.

Discussion

Our jurisdiction to redetermine a deficiency depends on the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).

Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer's "last known address". Sec. 6212(b)(1); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). The taxpayer, in turn, has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date that the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a).

---

[3] We take judicial notice of the facts regarding the mail delivery service to the Court. See also "Mail Delays Addressed", 15 Daily Tax Rept. (BNA) G-2 (Jan. 23, 2002).

Section 7502(a)(1) provides that, in certain circumstances, a timely mailed petition will be treated as though it were timely filed.  Section 7502(a)(2) provides that the timely mailing/timely filing rule applies if the postmark date on an envelope falls within the prescribed period or on or before the prescribed date.

Petitioner did not challenge the validity of the notice of deficiency.  Our jurisdiction depends on whether the petition was timely filed.

The petition was received and filed by this Court more than 90 days after the mailing of the notice of deficiency.  As noted above, the Court was experiencing delays in U.S. mail delivery when the petition was mailed.  Additionally, the postmark was illegible by the time it was received by the Court because of the irradiation treatment.

If the postmark is illegible, the taxpayer may offer extrinsic evidence to establish what was or should have been the actual date of the postmark.  Sylvan v. Commissioner, 65 T.C. 548, 553 (1975); Molosh v. Commissioner, 45 T.C. 320, 322 (1965).  The taxpayer bears the burden of proving timely mailing.  Sec. 301.7502-1(c)(1)(iii)(A), Proced. & Admin. Regs.

Petitioner, through testimony, sought to establish that he mailed his petition timely and that the postmark, although illegible, was timely.  See Mason v. Commissioner, 68 T.C. 354,

357 (1977) (finding on the basis of the taxpayer's testimony that he mailed his petition timely). We found petitioner to be forthright and candid and his testimony to be credible. Petitioner testified that, in mailing the petition, he was "rushing" to make sure he "beat the time several days ahead", and the post office assured him that the petition would arrive "on time". Petitioner testified that he mailed the petition return receipt requested and made sure the receipt was stamped at the post office. Once the petition arrived at the Court, however, he testified that he did not think to save the receipt because he did not think it was important once he knew that the Court had received the petition. Further, petitioner provided credible testimony as to where and when the petition was mailed. We conclude that petitioner timely mailed his petition.

Accordingly, respondent's motion to dismiss for lack of jurisdiction will be denied.

To reflect the foregoing,

An appropriate order

will be issued.