ESTATE OF FRANK EVEREST MOFFAT, DECEASED, GEORGE GARFUNKEL, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7255–65. Filed July 7, 1966.

*Raymond M. Pezzo*, for the petitioner.
*Bernard Goldstein*, for the respondent.

#### OPINION

DAWSON, *Judge:* On February 16, 1966, respondent filed a motion to dismiss the petition in this proceeding for lack of jurisdiction

---

because it was not filed within 90 days after the mailing of the notice of deficiency, as provided by section 6213(a) of the Internal Revenue Code of 1954. On February 28, 1966, the Court entered an order which reads, in part, as follows:

ORDERED: That this case be dismissed for lack of jurisdiction unless the petitioner on or before March 29, 1966 files written objection to respondent's motion to dismiss setting forth facts, supported by appropriate documentary evidence, which indicate that the petition in this case was timely filed with the Court, in which event the Court will take further action as appropriate.

On March 28, 1966, an objection to respondent's motion to dismiss was filed on behalf of petitioner on the ground that the petition was timely filed when the envelope containing it was deposited by George Garfunkel, executor, in a U.S. mailbox at Mamaroneck, N.Y., at 9:40 p.m. on December 29, 1965. A hearing on the motion was held in New York City on June 6, 1966. Petitioner offered the testimony of George Garfunkel which we accept as true and correct. Garfunkel stated that he deposited the envelope containing the petition in the mail receptacle maintained by the U.S. Post Office at Mamaroneck on the hour and day mentioned above.

The notice of deficiency was mailed to the petitioner by certified mail on September 30, 1965. The 90-day period expired on December 29, 1965. The petition was received and filed in the Tax Court on December 31, 1965, which was the 92d day after the deficiency notice was mailed.

The envelope in which the petition was received was addressed to the Tax Court of the United States. It was sent by ordinary mail. The postmark is not clear to the naked eye. However, pursuant to the Court's order of June 6, 1966, the postmark appearing on the envelope was examined by Edwin F. Alford, Jr., questioned document analyst, Office of Chief Postal Inspector, U.S. Post Office Department, Washington, D.C., whose statement dated June 14, 1966, reads as follows:

On June 14, 1966, there was delivered to me a copy of the Order of the Tax Court dated June 6, 1966, together with a certain envelope therein mentioned. Pursuant to that order, I have examined the postmark appearing on that envelope.

After examination, I hereby certify that because the postmarking die did not make uniform contact with the receiving surface of the envelope in question, only certain characters are discernible and those do not permit a positive determination as to the city or the year of postmarking. However, those features which are susceptible of decipherment indicate "_____neck, N.Y., DC 30 AM." (On the type of postmarking die used in this instance "DC" is utilized as the abbreviation for December).

At the conclusion of the June 6th hearing respondent's motion was taken under advisement. We have decided not to ask the parties to file briefs because, upon consideration of the evidence and the law,

we have concluded that respondent's motion must be granted for the reasons stated herein.

The applicable provisions of sections 6213(a) and 7502(a) of the Internal Revenue Code of 1954 are set forth below.[1]

Subsection (a) of section 301.7502-1 of the regulations provides that if the requirements of section 7502(a) are met, "a document shall be deemed to be filed on the date of the postmark stamped on the cover in which such document was mailed." Subsection (c) provides:

(c) *Mailing requirements.* (1) Section 7502 is not applicable unless the document is mailed in accordance with the following requirements:

\* \* \* \* \* \* \*

(iii)(a) \* \* \* If the postmark does not bear a date on or before the last date, or the last day of the period, prescribed for filing the document, the document will be considered not to be filed timely, regardless of when the document is deposited in the mail. \* \* \* If the postmark on the envelope or wrapper is not legible, the person who is required to file the document has the burden of proving the time when the postmark was made. \* \* \*

Section 6213(a) has been held to be jurisdictional and this Court has no jurisdiction unless the petition is timely filed. *Nathaniel A. Denman,* 35 T.C. 1140 (1961).

The postmark date here is legible and that date was December 30, which was the 91st day after the notice of deficiency was sent by certified mail. Consequently, the only conclusion that can be reached under these circumstances is that the petition was not timely filed, this Court has no jurisdiction, and the case must be dismissed. This holding is consistent with our opinion in *Luther A. Madison,* 28 T.C. 1301 (1957), where we stated that the "statute does not make the filing date depend upon when the cover containing the petition was placed in a United States mailbox." See also *Rich* v. *Commissioner,* 250 F. 2d 170 (C.A. 5, 1957), affirming an unpublished order of this Court. Moreover, the per curiam opinion in *Galvin* v. *Commissioner,* 239 F. 2d 166 (C.A. 2, 1956), is squarely in point. See also *Lingham* v. *Commissioner,* 242 F. 2d 750 (C.A. 3, 1957). To be sharply distinguished from the instant case are the recent opinions in *Skolski* v.

---

[1] SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT.

(a) TIME FOR FILING PETITION AND RESTRICTION ON ASSESSMENT.—Within 90 days \* \* \* after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. \* \* \*

SEC. 7502. TIMELY MAILING TREATED AS TIMELY FILING.

(a) GENERAL RULE.—If any claim, statement, or other document \* \* \* required to be filed within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such claim, statement, or other document is required to be filed, the date of the United States postmark stamped on the cover in which such claim, statement, or other document is mailed shall be deemed to be the date of delivery. \* \* \*

*Commissioner*, 351 F. 2d 485 (C.A. 3, 1965), and *Alexander Molosh*, 45 T.C. 320 (1965), both of which involved *illegible* postmark dates. In such cases the taxpayer is entitled to prove by evidence aliunde the time when the postmark was made. But, by contrast, when the postmark date is *legible*, there is a conclusive statutory presumption that such date is the date of delivery.

While this might appear to be a hard case, the petitioner could have either mailed the envelope containing the petition earlier than he did or sent it by registered or certified mail, as provided for in section 7502(c).

*An appropriate order will be entered.*