Philip Braun and Laura Braun v. Commissioner.
Braun v. Commissioner
Docket No. 756-69.
United States Tax Court
T.C. Memo 1969-221; 1969 Tax Ct. Memo LEXIS 77; 28 T.C.M. (CCH) 1175; T.C.M. (RIA) 69221; October 16, 1969, Filed William Spilky, 170 Broadway, New York, N. Y., for the petitioners. Marvin A. Fein, for the respondent. DAWSON
Memorandum Opinion DAWSON, Judge: On April 21, 1969, respondent filed a motion to dismiss the petition in this *78 proceeding for lack of jurisdiction because it was not filed within 90 days after the mailing of the notice of deficiency, as provided by section 6213(a) of the Internal Revenue Code of 1954. On April 23, 1969, the Court entered an order which reads, in part, as follows: ORDERED that this case be dismissed for lack of jurisdiction unless the petitioner on or before May 23, 1969, files written objection to respondent's motion to dismiss setting forth facts, supported by appropriate documentary evidence, which indicate that the petition in this case was timely filed with the Court, in which event the Court will take further action as appropriate. On May 9, 1969, an objection to respondent's motion to dismiss was filed by petitioners' counsel on the ground that the petition was timely filed when the envelope containing it was deposited in a U.S. mailbox at the Main Office of the United States Post Office at Flushing, New York, at 9:45 p.m., on February 20, 1969. Regular collections from the mailbox were scheduled at 10 p.m., 10:30 p.m., 11 p.m., and 11:30 p.m., on that day. In a letter dated May 7, 1969, addressed to petitioners' counsel, Arthur Gleicher, Director, *79 Office of Administrative Services, United States Post Office, Flushing, New York, stated: It appears that your envelope wasn't postmarked on February 20th because at times when these letters are being cancelled by our machines some unfortunately do get by without being cancelled. When this happens the clerks who sort the mail after cancelling pull out any uncancelled letters for return to the cancelling machine. Since you state that you deposited your letter in front of our Main Office in Flushing at 9:45 P.M. on February 20th it would seem most likely that by the time your letter was returned to the cancelling machine it would be after 12 midnight and the machine would then have the date changed to February 21st, which most likely is what happened. Due to the fact that this is a period of approximately 2 hours we cannot pinpoint blame on anyone for the delay in cancelling your letter with the postmark of February 21st instead of February 20th. Respondent's motion to dismiss was calendared for hearing in New York City on June 16, 1969, and a hearing was held on that day. At the hearing the Court admitted in evidence a second letter dated May 28, 1969, from Mr. Gleicher to Mr. Spilky *80 which reads as follows: We are very sorry that your Certified Letter No. 513956 which you state was mailed to the Tax Court, Washington, D.C. in a 9 X 12 envelope on February 20, 1969 was not handled in accordance with your expectations. If your letter was deposited at our Main Post Office at 9:45 p.m. it should have been collected by us at 10 p.m. and postmarked the same day as mailed. We have no record of this except for your statement as a positive fact that this piece of mail was in the collection box at that time. However, we do know that our hand stamped postmark was being changed too early up to March 1st so that it's possible that your flat letter, if it received a hand stamp postmark may have been incorrectly postmarked February 21st instead of February 20th in error. If you have any letters for mailing late in the evening in the future which require immediate postmarking you may take them to the back platform of our Main Office so we can assure prompt handling. The notice of deficiency was mailed to the petitioner by certified mail on November 22, 1968. The 90-day period expired on February 20, 1969. The petition was received and filed in the Tax Court on February 24, 1969, which *81 was the 94th day after the deficiency notice was mailed. The petition was signed and verified by 1176 petitioners on January 27, 1969. The envelope in which the petition was received was addressed to the Tax Court of the United States and bears the stamped United States postmark of "Feb. 21, AM, 1969." It also bears a private certified mail label and number. By Court order petitioners' counsel was given until October 1, 1969, to submit any additional evidence that the postmark date shown on the envelope was other than February 21, 1969. Petitioners have submitted a third letter from Mr. Gleicher to Mr. Spilky which reads, in pertinent part, as follows: I regret that inquiry made among our employees failed to pinpoint anybody who could state as a positive fact that he recalled your particular letter having been collected on the night of February 20, 1969 which is the time that you state that you mailed the letter. For that reason we are unable to furnish any information other than "it is possible, but not certain, that your letter may have been mailed by you on the night of February 20, 1969, as you state, and that we may have incorrectly postmarked it February 21st in error. *82 " In addition, Mr. Spilky submitted his affidavit which states: WILLIAM SPILKY, being duly sworn, deposes and says: 1. That he is the attorney for the above named Petitioners herein and has offices at 150 Broadway, New York, N. Y.; AND 2. That he had several conferences with Mr. Arthur Gleicher, Director, Office of Administrative Services, United States Post Office, Flushing, New York concerning the postmarking by his office of the envelope containing the Petition addressed to the Tax Court; 3. That Mr. Gleicher explained that all mail collected by midnight from the collection boxes in front of the main post office are generally postmarked by 12:30 A.M. at which time most of the crew leaves for the night and that this crew incorrectly changed the dating machine of the hand postmark device too early in the evening so that letters mailed on February 20, 1969, were for a while postmarked February 21, 1969; and 4. That Mr. Gleicher admitted in a letter dated May 28, 1969 that the postmarking device was incorrect and in a letter dated September 19, 1969 that it is possible that the letter was mailed on February 20, 1969; and 5. That all reference to the mailing contained in *83 the deponent's affidavit of May 8, 1969 is again reiterated; and 6. That there is no question of fact in this action and Respondent's motion to dismiss is being pressed at this time for a favorable decision for the sole purpose of delaying the administration of justice inasmuch as the Respondent, through the District Director of the Manhattan District, has issued a determination letter stating that contributions made to the foundation which was disallowed, and which is the sole issue, are deductible according to section 170 of the Internal Revenue Code; and 7. That the Petition was filed within the time prescribed and intended by Sections 6213(a) or 7502 of the Internal Revenue Code of 1954. WHEREFORE, it is prayed that the respondent's motion be denied. Upon consideration of the evidence and the law, we conclude that respondent's motion to dismiss must be granted. This case is controlled by our opinion in Estate of Frank Everest Moffat, 46 T.C. 499 (1966). When the postmark date is legible, there is a conclusive statutory presumption that such date is the date of delivery under the provisions of section 7502(a), [1] Internal Revenue Code *84 of 1954.
Subsection (a) of section 301.7502-1 of the regulations provides that if the requirements of section 7502(a) are met, "a document shall be deemed to be filed on the date of the postmark stamped on the cover in which such document was mailed." Subsection (c) provides: (c) Mailing requirements. (1) Section 7502 is not applicable unless the document is mailed in accordance with the following requirements: * * * (iii) (a) * * * If the postmark does not bear a date on or before the last date, or the last day of the period, prescribed for filing the document, the document *85 will be considered not to be filed timely, regardless of when the document is deposited in the mail. * * * If the postmark 1177 on the envelope or wrapper is not legible, the person who is required to file the document has the burden of proving the time when the postmark was made. Section 6213(a)[2] has been held to be jurisdictional and this Court has no jurisdiction unless the petition is timely filed. Nathaniel A. Denman, 35 T.C. 1140 (1961). In the Estate of Frank Everest Moffat, supra at p. 501, we said: The postmark date here is legible and that date was December 30, which was the 91st day after the notice of deficiency was sent by certified mail. Consequently, the only conclusion that can be reached under these circumstances is that *86 the petition was not timely filed, this Court has no jurisdiction, and the case must be dismissed. This holding is consistent with our opinion in Luther A. Madison, 28 T.C. 1301 (1957), where we stated that the "statute does not make the filing date depend upon when the cover containing the petition was placed in a United States mailbox." See also Rich v. Commissioner, 250 F. 2d 170 (C.A. 5, 1957), affirming an unpublished order of this Court. Moreover, the per curiam opinion in Galvin v. Commissioner, 239 F. 2d 166 (C.A. 2, 1956), is squarely in point. See also Lingham v. Commissioner, 242 F. 2d 750 (C.A. 3, 1957). The same result obtains in the circumstances of this case. Even if the petitioners had established, which they have not, that the employees of the Flushing Post Office had changed the dating machine of the hand postmark device so that letters mailed on the evening of February 20, 1969, were incorrectly postmarked February 21, 1969, the plain, mandatory provision of section 7502 (a) would apply. See and compare Rich v. Commissioner, 250 F. 2d 170, 174-175 (C.A. 5, 1957). An appropriate order will be entered *87 granting respondent's motion to dismiss for lack of jurisdiction. Footnotes
1. SEC. 7502. TIMELY MAILING TREATED AS TIMELY FILING. (a) General Rule. - If any claim, statement, or other document * * * required to be filed within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such claim, statement, or other document is required to be filed, the date of the United States postmark stamped on the cover in which such claim, statement, or other document is mailed shall be deemed to be the date of delivery.↩
2. SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES: PETITION TO TAX COURT. (a) Time for Filing Petition and Rest on Assessment. - Within 90 says * * * after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency.↩