WILLIAM D. PERKINS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Perkins v. Commissioner
Docket No. 7794-76.
United States Tax Court
T.C. Memo 1977-158; 1977 Tax Ct. Memo LEXIS 281; 36 T.C.M. (CCH) 669; T.C.M. (RIA) 770158; May 25, 1977, Filed; As Amended June 10, 1977 William D. Perkins, pro se. Thomas R. Ascher, for the respondent. DRENNEN
MEMORANDUM OPINION. DRENNEN, Judge: On October 8, 1976, respondent filed a motion to dismiss the petition in this case on the grounds that it was not timely filed within the time prescribed by sections 6213(a) or 7502 of the Internal Revenue Code of 1954. [1] Petitioner *282 filed an objection to the motion to dismiss for the reason that the petition was allegedly placed in a receptacle of the U.S. Post Office on the night of the last day for filing a timely petition and that it apparently was not picked up and postmarked until the next day. Respondent's motion was set for hearing in Detroit, Mich., on March 14, 1977. Respondent appeared by counsel and petitioner was present in person and was accompanied by an attorney admitted to practice law in Michigan but not admitted to practice in the U.S. Tax Court. Upon receiving his assurance that he would immediately apply for admission to practice in the Tax Court, the Court recognized the attorney as counsel for petitioner for purposes of the hearing. Oral arguments were heard from counsel for both parties and from petitioner. Respondent also filed with the Court a written memorandum of authorities in support of his motion. Thereafter, at the request of petitioner and his counsel, the Court took respondent's motion under advisement in order to give petitioner time to file a written memorandum of authorities in support of his position. *283 Petitioner has failed to file the written memorandum within the time provided by the Court so the Court will consider respondent's motion on the written memorandum filed by respondent and the oral argument made in support of petitioner's objection by petitioner and his counsel. Respondent mailed a notice of deficiency to petitioner William D. Perkins by certified mail on May 17, 1976, determining deficiencies in petitioner's income tax for each of the years 1969 through 1973, and also asserting additions to tax under section 6653(b) of the Code for each of those years except 1973. Petitioner mailed to the Court a petition on a form provided by the Court, primarily for use in small tax cases to be conducted under section 7463 of the Code, which was received and filed by the Court on August 20, 1976. A clearly legible U.S. postmark was stamped on the envelope containing the petition which bore the date August 17, 1976. Section 6213(a) provides that within 90 days after the notice of deficiency is mailed a taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. This 90-day period for filing a petition is jurisdictional and this Court has no jurisdiction *284 unless the petition is timely filed. Denman v. Commissioner,35 T.C. 1140; Estate of Moffat v. Commissioner,46 T.C. 499. However, section 7502 provides that if a document required to be filed within a prescribed period is, after such period, delivered by U.S. mail to the office with which the document is required to be filed, the date of the U.S. postmark stamped on the cover in which the document is mailed shall be deemed to be the date of delivery. The petition herein was received by the Court and filed on August 20, 1976, which was the 95th day after the mailing of the notice of deficiency. Consequently, the petition was not timely filed and this Court has no jurisdiction to redetermine the deficiencies. Petitioner asserted in argument that when he received the notice of deficiency he attempted to contact the Tax Court in Detroit for information about filing a petition but could find no address for it; that when he finally wrote to the Court in Washington he received from the Clerk of the Court a form petition for use in small tax cases and he was confused about the form of petition he should use for his case which involved more than $1,500, *285 the limit prescribed in section 7463 for "small tax cases." [2] He finally contacted an attorney who advised him that it was the last day for filing a timely petition and to fill in the form that he had and mail it to the Court at once. Petitioner allegedly placed the petition in a mail box that night, which presumably would have been Sunday, August 15, since that was the 90th day after the mailing of the notice of deficiency. * Petitioner recognizes that the postmark date on the envelope was too late but argues that his confusion over not being able to find the Tax Court in Detroit and then receiving a small tax case form petition from the Clerk of the Court should excuse his late filing, particularly in light of the fact that he deposited the petition in the U.S. mail box on the 90th day. *286 In light of the amount of the deficiencies involved in this case, we are reluctant to deny petitioner's equitable plea because it may be difficult for petitioner to raise enough money to pay the deficiency first and then bring an action for a refund in the District Court or the Court of Claims. However, since the timely filing of a petition is jurisdictional in this Court, we cannot extend our jurisdiction because of the alleged circumstances. We are at somewhat of a loss to understand why petitioner should have been confused about where and how to file a petition with the Tax Court.The notice of deficiency sent to petitioner describes in some detail how, when, and where the taxpayer should file a petition in this Court if he chooses to do so. Presumably petitioner received a copy of the rules of this Court along with the form petition, which also describes how to file a petition in this Court and contains a form of petition for use in all cases. [3] Furthermore, even if petitioner did not receive the rules, he could have consulted an attorney prior to the last day for filing the petition or he could have made certain that a timely postmark was placed on the envelope or a certified *287 or registered mail receipt. See sec. 7502(c).
With respect to petitioner's argument that placing the envelope containing the petition in a U.S. mail box on the 90th day should be considered timely filing, the authority is all against petitioner. Subsection (c) of section 301.7502-1 of the regulations provides: (c) Mailing requirements. (1) Section 7502 is not applicable unless the document is mailed in accordance with the following requirements. * * *
(iii)(a) * * * If the postmark does not bear a date on or before the last date, or the last day of the period, prescribed for filing the document, the document will be considered not to be filed timely, regardless of when the document is deposited in the mail. * * * If the postmark on the envelope or wrapper is not legible, the person who is required to file the *288 document has the burden of proving the time when the postmark was made. * * * Under circumstances very similar to those in this case this Court held in Estate of Moffat v. Commissioner,supra, that the timely mailing-timely filing statute (sec. 7502) does not make the filing date depend on when the cover containing the petition was placed in a U.S. mailbox, citing authorities in support thereof. The Court also distinguished cases in which the postmarks had been illegible, thus giving the taxpayers the opportunity to prove by evidence aliunde the time when the postmark was made. As in the Moffat case, the postmark here is clearly legible and only that date can be considered the date of delivery. Since that date was after the 90-day period had expired we must grant respondent's motion to dismiss for lack of jurisdiction. An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954.↩
2. Upon request the Clerk of the Tax Court will mail to small taxpayers a packet which contains a printed form petition, instructions for using same and a booklet containing the Rules of Practice and Procedure of the U.S. Tax Court. A petition on this form will be accepted and filed by the Clerk regardless of the amount of deficiency involved in order to preserve jurisdiction; it can be amended later if necessary. na1 By Official Tax Court Order dated June 10, 1977, and signed by Judge Drennen↩, this Sentence was revised.
3. A separate notice of deficiency was issued to petitioner's wife with an amount which qualified as a small tax case.A petition was filed by her at the same time. Shirley J. Perkins,↩ docket No. 7795-76S. Respondent's motion to dismiss her petition was heard at the same time the motion in this case was heard but the cases have not been consolidated.