LEITH C. MACARTHUR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
MacArthur v. Commissioner
Docket No. 26516-90
United States Tax Court
T.C. Memo 1992-590; 1992 Tax Ct. Memo LEXIS 608; 64 T.C.M. (CCH) 983; October 1, 1992, Filed *608 An appropriate Order of Dismissal for Lack of Jurisdiction will be entered. The envelope containing the petition filed herein was postmarked by a private postage meter stamp bearing a timely but admittedly incorrect date. It was placed in a U.S. mailbox at Providence, Rhode Island, sometime after 8 p.m. on Monday, November 19, 1990, which date was the 90th day after the notice of deficiency was mailed to P and which date was not a legal holiday in the District of Columbia. However, the envelope was actually deposited in the mailbox after the last collection of the mail from the place of deposit which was postmarked by the United States Post Office on or before the last date, or the last day of the period, prescribed for filing the document. The petition was received and filed at the U.S. Tax Court in Washington, D.C., on the 97th day after the notice of deficiency was mailed to P. It was delivered after the time when a document so mailed and so postmarked would ordinarily be received. Held, P failed to prove he met the requirements of sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs.; accordingly, under secs. 7502(b) and 6213(a), I.R.C. as in effect in 1990, the petition *609 was not timely filed. R's Motion to Dismiss for Lack of Jurisdiction will be granted. For Petitioner: Charles J. Reilly. For Respondent: Meryl Silver. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction on the ground that petitioner did not timely file his petition. In the statutory notice of deficiency sent by certified mail to petitioner's last known address on August 21, 1990, respondent determined the following deficiency in, and additions to, petitioner's 1987 *610 Federal income tax: Additions to Tax
Deficiency
Sec.6651(a)(1)
Sec.6653(a)(1)(A)
Sec.6653(a)(1)(B)
$ 16,166.00
$ 4,041.50
$ 1,744.20
50% of the interest
due on $ 16,166
Monday, November 19, 1990, was the 90th day after respondent's issuance of the notice of deficiency; it was not a legal holiday in the District of Columbia. The petition, which is dated November 19, 1990, was mailed to the United States Tax Court in Washington, D.C., from Providence, Rhode Island, via the U.S. Postal Service, first class mail, and received and filed by this Court on Monday, November 26, 1990. The envelope in which it was mailed bears a private postage meter stamp dated November 16, 1990, but it was not mailed on that date. The envelope does not bear a postmark of the U.S. Postal Service. Thursday, November 22, 1990, was Thanksgiving Day. Petitioner resided in Cranston, Rhode Island, at the time the petition was filed. This Court has jurisdiction over a matter only if there has been a validly issued notice of deficiency and a timely filed petition. Pietanza v. Commissioner, 92 T.C. 729, 735 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991); *611 Logan v. Commissioner, 86 T.C. 1222, 1226 (1986); Pyo v. Commissioner, 83 T.C. 626, 632 (1984); Keeton v. Commissioner, 74 T.C. 377, 379 (1980); Midland Mortgage Co. v. Commissioner, 73 T.C. 902, 907 (1980); Estate of Moffat v. Commissioner, 46 T.C. 499 (1966). The validity of respondent's statutory notice of deficiency has not been placed into question. The only question is whether petitioner's petition was timely; if not, we must grant respondent's motion to dismiss. Id.
The time for filing a petition with this Court is provided in section 6213(a), in part, as follows: Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * * Here the statutory notice was addressed to petitioner within the United States and thus the 90-day *612 period is applicable. It is undisputed that the petition was received and filed by the Court on November 26, 1990, the 97th day after the issuance of the notice of deficiency. Petitioner seeks, however, to invoke the timely mailing treated as timely filing provisions of section 7502. Under that section, the date of the United States postmark stamped on the cover in which the petition is mailed shall be deemed to be the date of delivery and thus the date filed. Sec. 7502(a)(1). Under such circumstances, the petition is considered timely filed so long as it is properly addressed, the postage is prepaid, and the United States postmark date falls within the prescribed period for filing. Sec. 7502(a)(2). In the case of a postmark not made by the United States Postal Service, as is the case here, we must look to the regulations to determine how to apply section 7502. Sec. 7502(b). Section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., covers the situation of privately metered mail. The validity of these regulations has been upheld. Lindemood v. Commissioner, 566 F.2d 646, 648-649 (9th Cir. 1977), affg. per curiam T.C. Memo. 1975-195; *613 Fishman v. Commissioner, 51 T.C. 869 (1969), affd. per curiam 420 F.2d 491 (2d Cir. 1970). In referring to these regulations, we stated that privately metered mail qualifies for the timely mailing rule of section 7502
if the postmark bears a timely date and if the document is delivered within the time ordinarily required for the delivery of a document properly mailed on the last day for its filing. If the document is not delivered within such time, the regulations provide, in the alternative, that the document will be considered timely filed only if the person who is required to file the document establishes: (1) The document was actually deposited in the mail in time to be collected from the place of deposit on or before the last day prescribed for filing; (2) the delay in delivery was attributable to delay in the transmission of the mail; and (3) the cause of such delay. [Fishman v. Commissioner, supra, at 870-871; emphasis added.] Put simply, petitioner must show either that the petition was delivered to this Court within the time ordinarily required for such delivery, or prove *614 each of the above three enumerated elements. This is petitioner's burden. Rule 142(a); Cassell v. Commissioner, 72 T.C. 313, 317 (1979). The petition was drafted by petitioner's first counsel of record, Harold C. Arcaro, Jr. (Mr. Arcaro), who, because of a busy schedule, waited until the evening of Monday, November 19, 1990, to finalize the petition and ready it for mailing. Mr. Arcaro testified as a witness on behalf of petitioner at trial. The office manager at Mr. Arcaro's law firm, Mr. Nelson, was called into the office at about 7 p.m., November 19, to assist Mr. Arcaro in extracting the petition from computer files and drafting a cover letter. Mr. Nelson also testified as a witness. The petition and cover letter were placed in an envelope with the required filing fee and a discussion ensued as to who would proceed to the main post office in Providence to mail the package. Mr. Arcaro believed that the main branch of the post office was open until 12 midnight. It was decided that Mr. Nelson would do the mailing and therefore Mr. Arcaro left the office for the night at approximately 9 p.m. Mr. Nelson placed a gummed U.S. Postal Service certified *615 mailing label and return receipt label on the envelope and brought the package to what he thought was the main post office branch for Providence. The post office branch he visited was not open, and, although he did not realize it at the time, was not the main branch. He decided, therefore, to return to the law firm, remove the certified mailing labels, and run the envelope through the firm's private postage meter. He then returned to the same post office branch sometime after 8 p.m. on the same evening and deposited the envelope in a U.S. Postal Service mailbox for regular first class mail pickup. Mr. Nelson testified that "To the best of my knowledge, it was hourly pickup." The envelope was delivered to this Court on the following Monday, which constituted a delivery period of 4 delivery days, i.e., Tuesday, November 20; Wednesday, November 21; Friday, November 22; and Monday, November 26. The Thanksgiving Day holiday and Saturday and Sunday were not days on which mail was delivered to the Court. Mr. Arcaro testified that from February 26, 1990, through February 20, 1991, he filed 18 petitions by mail with this Court and that from his experience 4 delivery days constituted *616 an ordinary time for delivery from Providence to Washington, D.C. He also suggested that even if 4 delivery days appears to be a greater than ordinary time for delivery, it is his experience that the Friday after Thanksgiving Day is generally a less productive work day in all occupations, including the Postal Service, and that this fact accounts for a delay in transmission of the mail. Petitioner contends that this evidence satisfies his burden under section 7502 and that his petition was therefore timely filed. Respondent put on testimony from the manager of quality control at the main branch of the United States Postal Service in Providence, Rhode Island. Through this witness respondent introduced into evidence a page from the Postal Service Origin-Destination Information System (ODIS) report which reflects via statistical sampling the delivery time for mail sent from Providence, Rhode Island, to Washington, D.C., during the period November 17, 1990, through December 14, 1990. The ODIS report discloses that 69 percent of the mail arrived within 2 delivery days and 100 percent arrived within 3 delivery days. The Postal Service employee also offered evidence that on November *617 19, 1990, the last mail pickup from the mailbox used by Mr. Nelson to mail the petition was at 6 p.m. Respondent contends that petitioner has failed to establish that the petition was delivered within the time ordinarily required for delivery. Respondent further contends that petitioner has not otherwise satisfied the regulations for invoking the relief provisions of section 7502. We agree with respondent. We accept the Postal Service's ODIS report as reliable evidence of the time ordinarily required for the delivery of mail between points and reject Mr. Arcaro's unscientific data. The evidence supports a finding and we so hold that the petition mailed in this case was not delivered within the time ordinarily required for such delivery. Consequently, petitioner may receive relief under section 7502 only if he has established that the petition was deposited in the mail in time to be collected by the last day for filing, that there was a delay in transmission of the mail, and the cause for such delay. Petitioner relies on Rotenberry v. Commissioner, 847 F.2d 229 (5th Cir. 1988), revg. and remanding an unreported order of this Court, wherein the *618 Fifth Circuit held that general evidence of the Christmas holiday rush was sufficient to prove a delay in transmission of the mail and its cause. For the reason explained below we need not reach the question of whether petitioner has adequately established that there was a delay in transmission of the mail and its cause. Even if this were the proper occasion to discuss our view of the Fifth Circuit's decision in Rotenberry, this case is appealable to the First Circuit and we would not be obliged to follow the law of the Fifth Circuit. See Golsen v. Commissioner, 54 T.C. 742, 756-757 (1970), affd. 445 F.2d 985 (10th Cir. 1971). Petitioner has failed to prove the first of the three requisite elements. Mr. Nelson's testimony establishes that the petition was deposited in the mailbox located outside of the closed post office building no earlier than 8 p.m. on the last day for filing. He stated that to the best of his knowledge the mailbox indicated that there was an hourly pickup from the box. The testimony of the Postal Service employee establishes that, while mail was indeed scheduled for hourly pickup from that mailbox *619 on November 19, 1990, it was only scheduled for hourly pickup from 6 a.m. until 6 p.m. This testimony, which is unrefuted on this record, was established from records kept by the Postal Service in the regular course of its business. Consequently, we conclude that the petition was not deposited in the mail in time to be collected by the last day for filing the petition. Our finding in this regard is dispositive and distinguishes this situation from that in Rotenberry. Cf. Abney v. Commissioner, T.C. Memo. 1990-255. For this reason we need not discuss the evidentiary considerations for proving delayed transmission of the mail and its cause. Accordingly, on this record, respondent's motion to dismiss for lack of jurisdiction will be granted. An appropriate Order of Dismissal for Lack of Jurisdiction will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩