T.C. Memo. 1996-163


UNITED STATES TAX COURT


JESUS V. CUTILLAR AND NORA CUTILLAR, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent.


Docket No. 13125-95.                    Filed March 28, 1996.


<u>James R. Brewster</u>, for petitioners.

<u>Robert Dillard</u>, for respondent.


MEMORANDUM OPINION


RUWE, <u>Judge</u>:   This matter is before us on respondent's
motion to dismiss for lack of jurisdiction on the grounds that
the petition in this case was not filed within the time
prescribed by section 6213(a).[1]

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the taxable year in
                                        (continued...)

During the 1982 taxable year, petitioner Jesus V. Cutillar was a partner in the partnership of Waltbar & Associates (Waltbar). Waltbar invested in two other partnerships, Whitman Recycling Associates (Whitman) and Stevens Recycling Associates (Stevens). Waltbar was a pass-thru partner in Whitman and Stevens. In January and February 1995, following adjustments at the partnership level to Whitman and Stevens for the 1982 taxable year, respondent notified petitioners that their distributive share of income/loss/credit from Waltbar for 1982 had been adjusted to reflect respondent's adjustments to Whitman and Stevens. These adjustments were the result of partnership level proceedings conducted pursuant to sections 6221-6233 and resulted in tax assessments against petitioners.

On March 16, 1995, respondent issued a notice of deficiency (the first notice of deficiency) to petitioners at their last known address, 4005 Forsythe Way, Tallahassee, Florida, 32308-2360, determining the following additions to tax with respect to the tax adjustments related to Stevens:

| | Additions to Tax | |
| Year | Sec. 6653(a)(1) | Sec. 6653(a)(2) |
| 1982 | $15.60 | 50 percent of the interest due on $312 |

---

¹(...continued)
issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioners have already paid the addition to tax under section 6653(a)(1) in the amount of $15.60.[2]

On April 7, 1995, respondent issued an additional notice of deficiency for the 1982 taxable year (the second notice of deficiency) to petitioners at the same address, determining the following additions to tax with respect to the tax adjustments related to Whitman:

| | Additions to Tax | | |
|---|---|---|---|
| Year | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6659 |
| 1982 | $853 | 50 percent of the interest due on $17,068 | $4,620 |

This Court's jurisdiction is strictly limited by statute, and, unless a petition is filed within the time prescribed by statute, we lack jurisdiction and must dismiss the case for that reason. Estate of Moffat v. Commissioner, 46 T.C. 499, 501 (1966). A petition must be filed within 90 days after the notice of deficiency is mailed to a taxpayer within the United States. Sec. 6213(a). If the notice is addressed to a person outside the United States, the taxpayer receives 150 days to file a petition. Id.

The 90-day period for filing a petition with this Court expired on June 14, 1995, for the first notice of deficiency and

---

[2]Prepayment by the taxpayer does not deprive the Tax Court of jurisdiction, where payment is made after the mailing of the notice of deficiency. Sec. 6213(b)(4).

on July 6, 1995, for the second notice of deficiency.  Neither date was a Saturday, Sunday, or legal holiday in the District of Columbia.  Id.  On July 17, 1995, the Court received and filed the petition.  The envelope in which such petition was mailed bore a legible United States postmark date of July 13, 1995, 119 days after the mailing of the first notice of deficiency and 97 days after the mailing of the second notice of deficiency.  Sec. 7502(a)(1).  Our jurisdiction, therefore, depends on whether petitioners were entitled to file their petition within 150 days after the notices of deficiency were mailed.  Petitioners bear the burden of demonstrating that they come within the scope of the provision allowing 150 days for the mailing of the petition where the notice is addressed to a person outside of the country.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Petitioners were in the United States from March 16, 1995, through June 17, 1995.  On June 17, 1995, petitioners traveled to the Philippines.  Petitioners returned to the United States on July 3, 1995.

This Court has determined that the 150-day period applies not only to persons who are outside of the United States "on some settled business and residential basis" but also to persons who are temporarily absent from the country.  Levy v. Commissioner, 76 T.C. 228, 231 (1981); Estate of Krueger v. Commissioner, 33 T.C. 667, 668 (1960).  However, the taxpayer's absence must result in delayed receipt of the deficiency notice.  Lewy v.

Commissioner, 68 T.C. 779, 783 (1977). In Malekzad v. Commissioner, 76 T.C. 963, 969-970 (1981), we explained that in determining whether the 150-day period is applicable, we look at both the date of mailing of the notice of deficiency as well as the date on which the notice was received by the taxpayer. The crucial inquiry is whether the taxpayer falls within the class of persons that Congress intended to receive the benefit of the longer period and whether the notice of deficiency served the notice function that it was designed to serve. Id. at 970. The congressional purpose behind the enactment of the 150-day rule was the prevention of hardships caused by delays in the receipt of a notice of deficiency due to the taxpayer's absence from the United States and the relatively slow international mails. Looper v. Commissioner, 73 T.C. 690, 694 (1980).

Application of the approach utilized in Malekzad v. Commissioner, supra, to the facts in the instant case clearly reveals that petitioners were not entitled to the 150-day period for filing their petition. Petitioners were in the United States on the dates that the notices of deficiency were mailed as well as on the dates that they were received. Indeed, petitioners did not travel to the Philippines until 93 days after the first notice of deficiency was mailed and 71 days after the second notice of deficiency was mailed. Thus, petitioners' absence from the country in no way resulted in a delay in the receipt of either notice. Lewy v. Commissioner, supra.

Petitioners were not entitled to avail themselves of the 150-day filing period. Accordingly, respondent's motion to dismiss will be granted.[3]

<u>An appropriate order of dismissal will be entered</u>.

---

[3]Petitioners also make a generalized claim that they were denied due process during the partnership level proceeding. The partnership level proceeding preceded and was completed prior to the notices of deficiency upon which the petition in the instant case was based. Our jurisdiction to consider any of petitioners' arguments must be based upon a timely petition. As we have held, we lack jurisdiction because the petition in this case was not filed within the statutory time limit.