T.C. Memo. 1998-197


UNITED STATES TAX COURT


THEODORE JONES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

CATHERINE ALLEN-JONES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 14565-97, 14566-97.          Filed May 28, 1998.


<u>John L. Green</u>, for petitioners.

<u>Victoria J. Sherlock</u>, for respondent.


MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  These cases are before the
Court on respondent's motions to dismiss for lack of
jurisdiction.  The issue for decision is whether petitioners
filed their separate petitions within the 90-day period

prescribed by section 6213(a).[1]  The motions were assigned for hearing pursuant to section 7443A(b)(4) and Rules 180, 181, and 183.  A hearing was held on respondent's motions in Houston, Texas.

On March 26, 1997, respondent issued and mailed to each petitioner a separate notice of deficiency.  In each notice, respondent determined the following deficiencies and additions in Federal income taxes:

Petitioner Theodore Jones

| | | Additions to Tax | |
|---|---|---|---|
| Year | Deficiency | Sec. 6651(a) | Sec. 6654 |
| 1991 | $43,943 | $10,986 | $2,511 |
| 1992 | 92,037 | 23,009 | 4,014 |
| 1993 | 32,932 | 8,233 | 1,380 |

Petitioner Catherine Allen-Jones

| | | Additions to Tax | |
|---|---|---|---|
| Year | Deficiency | Sec. 6651(f) | Sec. 6654 |
| 1991 | $52,602 | $39,452 | $3,006 |
| 1992 | 101,043 | 75,782 | 4,407 |
| 1993 | 41,931 | 31,448 | 1,757 |

The 90-day period for filing a petition with this Court expired on Tuesday, June 24, 1997, which was not a legal holiday in the District of Columbia.

---

[1]     Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

3

The petitions were received and filed with this Court on Tuesday, July 8, 1997, 104 days after the mailing of the notices of deficiency. The petitions were signed by petitioners' counsel (Mr. Green) and were dated June 24, 1997. The petitions were mailed to the Court, together in a properly addressed envelope bearing a private postage-meter postmark date of June 24, 1997. No check in payment of the filing fees was included.[2]

Above the address label, the envelope bears two rubber-stamped notations, apparently placed there by someone with the United States Postal Service (Postal Service), that read: "Return to Sender  Undeliverable as addressed  No forwarding order on file".  Both stamps have been crossed out in red ink and scratched over in black ink.  Below the address label, the envelope bears the handwritten notation:  "Good Address", in black ink.  The return address on the envelope was that of Mr. Green's office.

The envelope containing the petitions was mailed from the Longpoint Post Office in Houston, Texas.  The last pickup time for mail deposited at the Longpoint Post Office located at 1702 Hillendahl Blvd., Houston, Texas, 77055, on June 24, 1997, was 5:30 p.m..

The parties agree that the normal delivery time for a properly addressed envelope sent from Houston, Texas, to

---

[2]    Payment of the fees was received by the Court on July 18, 1997.

Washington, D.C., is 3 days.  Statistical sampling records maintained by the Postal Service in Houston, Texas, as part of its Origin-Destination Information System, show that during the period June 21, 1997, through July 18, 1997, 100 percent of the metered mail mailed from Houston, Texas, to Washington, D.C., was delivered within 3 days of mailing.  Similar statistics for metered mail and stamped mail combined also show 100-percent delivery within 3 days.  According to the records maintained by the Transportation & Network Division of the Houston Office of the Postal Service, no special circumstances existed on or near June 24, 1997, that would explain the delay in delivery of the petitions.

Section 6213(a) provides in part that a taxpayer has 90 days from the date that the notice of deficiency is mailed within which to file a petition with the Court.  Failure to file within the prescribed period requires that the petition be dismissed for lack of jurisdiction.  Estate of Moffat v. Commissioner, 46 T.C. 499 (1966).  Section 7502 provides that a timely mailed petition will be treated as timely filed in certain circumstances.  In the case of an envelope bearing a postmark other than that of the Postal Service, section 7502 applies only to the extent provided by regulation.  Sec. 7502(b).

Where, as here, the envelope bears a private postage-meter postmark:

(1) the postmark so made must bear a date on or before the last date, or the last day of the period, prescribed for filing the document, and (2) the document must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document. However, in case the document is received after the time when a document so mailed and so postmarked by the United States Post Office would ordinarily be received, such document will be treated as having been received at the time when a document so mailed and so postmarked would ordinarily be received, if the person who is required to file the document establishes (i) that it was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the United States Post Office on or before the last date, or the last day of the period, prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay. [Sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs.]

In these cases, the petitions were not received within the normal 3-day mailing time between Houston, Texas, and Washington, D.C.. The petitions were not received until July 8, 1997, 14 days after they were purportedly mailed. Therefore, under section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., petitioners must establish that the petitions were actually deposited in the mail before the last collection on June 24, 1997, that the delay in receiving the petitions was due to a delay in the transmission of the mail, and the cause of such delay.

The petitions in these cases were mailed on June 24, 1997. Mr. Green's affidavit, attached to respondent's motions, states that Mr. Green personally deposited the envelope containing the separate petitions in the mail in the early evening on June 24, 1997. In petitioners' separate objections to respondent's motion, it is alleged that the envelope was mailed from the Longpoint Post Office at around 4 p.m.. In petitioners' memoranda of law, it is alleged that Mr. Green left his office at approximately 3 p.m. and deposited the envelope at the Longpoint Post Office prior to time for the last pickup. Although not all of these statements are precise, in our view they are not inconsistent. We have no reason to doubt Mr. Green's veracity. Therefore, we find that petitioners have established that their separate petitions were deposited in the mail on June 24, 1997, prior to the last collection for the date.

The markings on the envelope containing the petitions suggest that a delay in delivery may have occurred. Mr. Green asserts that the envelope was not returned to his office. Our careful scrutiny of the envelope has revealed that there is no other address contained thereon underneath of the address label bearing the Court's correct address. Attached to each of petitioners' memorandum of law was a letter, dated January 6, 1998, from Jerry R. Warren, the manager of the Consumer Affairs Division of the Houston Office of the Postal Service. In

reference to the envelope containing the petitions, Mr. Warren writes:

> Since the correct address was used, it is impossible to explain why your envelope was stamped "return to sender". However, because the envelope was stamped "return to sender undeliverable as addressed", this may have been the main cause for delay.
> Mr. Green, it is difficult to say where or who may have crossed out the "return to sender" stamp on the front of the envelope since you have stated it was never returned to you. It is quite possible someone in the Washington Post Office discovered the error and crossed out the stamp rerouting the envelope as a good address.

Based on the appearance of the envelope and Mr. Warren's letter, we conclude that the delay in delivery of the petitions to this Court was due to a delay in the transmission of the mail, and that the delay was caused by the Postal Service. See, e.g., Langston v. Commissioner, T.C. Memo. 1997-303.

Petitioners have satisfied the three elements of section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., and the petitions are deemed to have been filed timely. Therefore, respondent's motions to dismiss for lack of jurisdiction will be denied.

To reflect the foregoing,

An appropriate order

will be issued.