T.C. Memo. 2003-242


UNITED STATES TAX COURT


WILLIAM R. DUREN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13566-01.                    Filed August 13, 2003.


William R. Duren, pro se.

<u>Edwin A. Herrera</u> and <u>Hieu Nguyen</u>, for respondent.


MEMORANDUM OPINION


VASQUEZ, <u>Judge</u>:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction and to strike as to the taxable years 1996, 1997, and 1999 (motion to dismiss).  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Background

Petitioner timely electronically filed his 1997 Federal income tax return. On his 1997 tax return, petitioner listed his address as 992 1/2 East 46th St., Los Angeles, CA 90011 (L.A. address).

On or about March 13, 1999, petitioner was incarcerated in California State prison. Petitioner was imprisoned in facilities at the following locations: (1) Delano, California, from March until May 1999, (2) Susanville, California, from May 1999 until June 2000, (3) Soledad, California, from June 2000 until September 2001, and (4) Norco, California, from September 2001 until February 2002.

Prior to his incarceration, petitioner obtained a post office box for all his mail to be sent while he was incarcerated. The post office box address was P.O. Box 1830, Hawthorne, CA 90251-1830 (Hawthorne address). Petitioner gave keys to the post office box to his mother and sister so they could pick up his mail for him. At the time he was incarcerated, however, petitioner did not advise respondent of a change of address.

On June 23, 1999, respondent received a Form 1040, U.S. Individual Income Tax Return, for 1998 bearing petitioner's name (1998 Form 1040). The front page of the 1998 Form 1040 listed petitioner's address as P.O. Box 1830, Los Angeles, California

90011.[1]  The Schedule C, Profit or Loss From Business, and Form 1040V, Payment Voucher, attached to the 1998 Form 1040, however, listed the L.A. address.  The "P.O. Box 1830" on the front page of the 1998 Form 1040 was handwritten; the remainder of the return was filled in with a typewritten/computer generated font.  The handwritten "P.O. Box 1830" was not in petitioner's handwriting.  Petitioner did not prepare or sign the 1998 Form 1040.  Petitioner was not sure who prepared the 1998 Form 1040 for him, but believed it was either H&R Block or his mother.

On August 4, 1999, respondent mailed petitioner a statutory notice of deficiency for 1997.  Respondent mailed the notice of deficiency for 1997 to the L.A. address.

On August 9, 1999, even though it was unsigned, respondent processed the 1998 Form 1040, and entered it into respondent's computer system.

Sometime in late 1999, while imprisoned at the Susanville, California, facility, petitioner contacted respondent by letter because he was concerned about filing his 1999 income tax returns.

On September 27, 1999, the Internal Revenue Service (IRS) mailed a letter, dated September 21, 1999, to petitioner in Susanville, California.  In this letter, the IRS thanked

_____

[1]  This address combined part of the L.A. address and part of the Hawthorne address.

petitioner for his cooperation.  The letter was signed by Derome Bratvold, Chief, Adjustments Branch.  This was the first response petitioner received from respondent.  Petitioner was not sure what year or what issues the September 21, 1999, letter regarded. Petitioner, however, believed that this letter was in response to his concerns regarding filing his 1999 income tax return.

In a November 16, 2000, letter from the IRS, mailed to petitioner in Soledad, California, the IRS thanked petitioner for his interest in paying his delinquent taxes and for submitting a financial statement Form 433-F, Collection Information Statement. The letter referenced petitioner's 1997 tax year, acknowledged that petitioner was in State prison, apologized for any inconvenience the IRS caused petitioner, and thanked him for his cooperation.  This letter was signed by M. Brown, Chief, Accounts Management Branch 2.

Petitioner never contacted respondent to specifically direct respondent to use a different address than the L.A. address.  On July 26, 2001, however, respondent mailed petitioner a notice of deficiency for 1998 to his prison address.

On November 28, 2001, petitioner filed a petition with the Court disputing respondent's determinations for 1997 and 1998.[2]

_____

[2] The envelope containing the petition bears a postmark of Oct. 2, 2001.  We have previously noted that during this time period the Court was experiencing significant anthrax-related mail delays.  Gibson v. Commissioner, T.C. Memo. 2002-218.

At the time he filed the petition, petitioner resided in California.  The petition did not comply with the Rules of the Court as to the form and content of a proper petition.

On December 4, 2001, the Court ordered petitioner to file an amended petition on or before February 4, 2002, on the form enclosed with the order.

On February 5, 2002, petitioner was paroled.

On February 19, 2002, petitioner filed an amended petition, dated January 28, 2002,[3] with the Court on the form provided to him disputing his tax liabilities for 1996, 1997, 1998, and 1999.

Discussion

Our jurisdiction to redetermine a deficiency depends on the issuance of a valid notice of deficiency and a timely filed petition.  Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988); Pyo v. Commissioner, 83 T.C. 626, 632 (1984).  The Court's jurisdiction is strictly limited by statute, and unless a petition is filed within the time prescribed by statute, we lack jurisdiction and must dismiss the case.  See Estate of Moffat v. Commissioner, 46 T.C. 499, 501 (1966).

Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the

---

[3] See supra note 2.

taxpayer by certified or registered mail.  It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer's "last known address".  Sec. 6212(b)(1); <u>Frieling v. Commissioner</u>, 81 T.C. 42, 52 (1983).  The taxpayer, in turn, has 90 days (or 150 days if the notice is addressed to a person outside the United States) from the date that the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency.  Sec. 6213(a).

<u>1996 and 1999</u>

In the objection to the motion to dismiss, petitioner did not object to the dismissal of 1996 and 1999.  At the hearing, petitioner agreed with respondent that he was not issued and did not receive a notice of deficiency for 1996 or 1999 and that the motion to dismiss should be granted for those years. Accordingly, we shall grant the motion to dismiss with regard to 1996 and 1999.

<u>1997</u>

On August 4, 1999, respondent mailed the notice of deficiency for 1997 to petitioner.[4]  On November 28, 2001,

---

[4]  As of the date of the mailing of the notice of deficiency, sec. 301.6212-2, Proced. & Admin. Regs., regarding the definition of "last known address", was neither final nor proposed.  See 66 Fed. Reg. 2820 (Jan. 12, 2001) (final regulation); 64 Fed. Reg. 63768 (Nov. 22, 1999) (proposed regulation).

petitioner filed the petition with the Court in an envelope bearing a postmark of October 2, 2001. Accordingly, the Court received and filed the petition, which was postmarked more than 90 days after the mailing of the notice of deficiency for 1997. Thus, the issue is whether respondent sent the notice of deficiency for 1997 to petitioner's last known address.

A taxpayer can have only one last known address on the date that a notice of deficiency is issued. Abeles v. Commissioner, supra at 1030. What knowledge the Commissioner has acquired concerning the taxpayer's address is a question of fact. King v. Commissioner, 857 F.2d 676, 678, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987). The Commissioner must exercise reasonable diligence in ascertaining the taxpayer's correct address; however, he is entitled to treat the address appearing on a taxpayer's return as the last known address in the absence of clear and concise notification from the taxpayer directing the Commissioner to use a different address. Id.; Abeles v. Commissioner, supra at 1035. A subsequently filed tax return with a new address may give the Commissioner notice of a change of address. King v. Commissioner, supra at 679, 680. "Correspondence bearing an address different from that on the most recent return does not, by itself, constitute clear and concise notice. * * * In order to supplant the address on

his/her most recent return, the taxpayer must clearly indicate that the former address is no longer to be used." Id. at 681.

After becoming aware of a taxpayer's change of address, the Commissioner must exercise reasonable care and diligence in ascertaining and mailing the notice of deficiency to the correct address. Monge v. Commissioner, supra at 33. This obligation, however, arises only if the Commissioner becomes aware of an address change prior to mailing the deficiency notice. Id.

The taxpayer's "most recently filed return" is the return which has been properly processed by an IRS service center such that the address appearing on the return was available to the Commissioner's agent when that agent prepared the notice of deficiency concerning the previously filed return. Abeles v. Commissioner, supra at 1035. The address from the more recently filed return is available to the agent issuing the notice of deficiency concerning the previously filed return if such address could be obtained by a computer generation of an IRS computer transcript using the taxpayer's identification number. Id.

Petitioner's contention that the notice of deficiency for 1997 was not sent to his last known address is incorrect for several reasons.

First, petitioner did not file a "return" for 1998. The 1998 Form 1040 that petitioner sent to the IRS was unsigned. "[I]n order for a Form 1040 to constitute a valid income tax

return it must be signed by the taxpayer under penalties of perjury." Cupp v. Commissioner, 65 T.C. 68, 78 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977). Accordingly, petitioner's most recently filed "return" at the time of the mailing of the notice of deficiency for 1997 appears to be his 1997 return. Cf. King v. Commissioner, supra at 681.

Second, even if the 1998 Form 1040 is considered to be a subsequently filed tax return, it did not operate to change petitioner's last known address for purposes of the notice of deficiency for 1997. Even though the 1998 Form 1040 was not signed, respondent processed the 1998 Form 1040. Respondent entered the 1998 Form 1040 into his computer system on August 9, 1999--5 days after the mailing of the notice of deficiency for 1997. Accordingly, respondent was not aware of a change of address prior to mailing the notice of deficiency for 1997.

In Williams v. Commissioner, 935 F.2d 1066 (9th Cir. 1991), affg. T.C. Memo. 1989-439, the taxpayer filed a return showing a new address on April 15, 1987. This new return, however, had not been processed by the IRS so as to be available through a computer inquiry by the agent who sent the notice of deficiency on June 17, 1987. The U.S. Court of Appeals for the Ninth Circuit agreed with us that: (1) The reasonable business requirements of the IRS necessitated time for the processing of the filed return through its computer facilities in order for the

new address to be "available"; (2) the amount of time between the filing of the return and the date of the notice of deficiency--63 days--did not exceed a reasonable time for processing the information; and (3) the change of address was not reasonably available to the agent sending the notice of deficiency. Id. at 1068.

In the case at bar, respondent processed the 1998 Form 1040, even though it was unsigned, in 47 days. The amount of time between the receipt of the 1998 Form 1040 and the date of the notice of deficiency--only 42 days--did not exceed a reasonable time for processing the information. Accordingly, the change of address was not reasonably available to the agent sending the notice of deficiency for 1997.[5]  Id.

Third, petitioner's correspondence with respondent was insufficient to alert respondent of a change of address. King v. Commissioner, supra at 681. Petitioner testified at the hearing: "Oh, no, I never wrote them specifically stating that here is my change of address. I just wrote them from different addresses with different issues." Petitioner never provided a clear and concise notification of a change of address to respondent.

--------

[5]  We note that if this change of address had been available, it was unlikely that petitioner would have received the notice of deficiency for 1997. The address on the front of the 1998 Form 1040 was a combination of the L.A. address and the Hawthorne address. Additionally, two letters respondent sent to this address were returned to respondent by the U.S. Postal Service as undeliverable because there was no such address.

With regard to the notice of deficiency for 1997, this is not an instance of repeated contact by a taxpayer from a single address over a long period of time prior to the issuance of the notice of deficiency.[6]  In this case, it is not clear whether petitioner contacted the IRS prior to the mailing of the notice of deficiency for 1997.[7]  Furthermore, petitioner's first letter to the IRS concerned questions regarding filing his income tax return for 1999.

We hold that respondent mailed the notice of deficiency for 1997 to petitioner's last known address and petitioner failed to timely file a petition for 1997.  Accordingly, we shall grant the motion to dismiss with regard to 1997.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.

---

[6]  In fact, after petitioner had established regular contact with respondent for a period of almost 2 years, respondent mailed the notice of deficiency for 1998 to petitioner at his prison address.

[7]  The Sept. 21, 1999, letter to petitioner in Susanville, Calif., is the earliest letter petitioner received from respondent.